159 So.2d 921 (1964)
Roy Vincent CAMINITA, Appellant,
v.
STATE of Florida, Appellee.
No. 4138.
District Court of Appeal of Florida. Second District.
January 29, 1964.
*922 Walter Talley, Public Defender, Bradenton, for appellant.
James W. Kynes, Jr., Atty. Gen., Tallahassee, and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
WHITE, Judge.
Petitioner appeals an order denying his motion to vacate judgment and sentence under provisions of Criminal Procedure Rule No. 1, F.S.A. ch. 924 App. After filing his notice of appeal, petitioner was adjudged insolvent and the public defender was appointed to assist in the appeal pursuant to mandate of this court.
The facts disclose that on November 15, 1960, petitioner pleaded guilty in proper person to an information charging the offense of robbery, whereupon he was adjudged guilty and was sentenced to serve a term of six months to twenty years in State Prison.
Petitioner's motion for relief under Criminal Procedure Rule No. 1 was denied on May 17, 1963 and the notice of appeal was filed in proper person. Assignments of error and directions to the clerk were filed by the public defender.
Appellant argues that denial of his motion was summary in nature and was contrary to the law and therefore erroneous. Appellant submits that he was deprived of counsel for his defense, that he did not waive counsel, was not advised of his right to counsel and was deprived of right to trial by jury. An affidavit appended to the motion asserts that appellant was insolvent at the time of the arraignment and that he had no way to retain the assistance of counsel. The circuit court answered petitioner by mail informing him that his petition was denied and then entered the order which reads in pertinent part:
"* * * it appearing to the Court * * * that investigation reveals that Petitioner was advised of his rights of a trial by jury and waived such right, that Petitioner was advised of his right to representation by counsel and waived such right, that at the time Petitioner had sufficient intelligence to comprehend the nature of the case against him, its seriousness and the consequences of a plea of guilty, that in as much as Petitioner's case was disposed of on a plea of guilty the case referred to, Gideon v. Wainwright, [372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799] is not applicable to his case * * *" (emphasis added)
Appellant argues that, notwithstanding the purported findings of circuit court, the record does not reveal that he waived his rights. Appellant cites King v. State, Fla. App. 1963, 157 So.2d 440 as authority for his position that he is entitled to a genuine hearing. The State attempts to distinguish the cases by pointing out that in the King case the court made no findings of fact but merely recited:
"`* * * after examining the files and records of this cause, and it appearing unto the Court that the defendant is legally imprisoned, it is, therefore, ORDERED and ADJUDGED that the defendant's Motion for relief is herein and hereby denied.'" (emphasis supplied)
In the King case this court predicated its ruling upon the files and records in the cause, which files and records failed to show affirmatively that the defendant was not prejudiced. In the instant case the trial court made specific findings of fact and *923 then denied the relief sought. In neither case, however, was it made to appear that the court granted a hearing, nor do the records of the cases affirmatively disclose the bases for the findings.
In the instant case petitioner prayed that the court set a date for hearing on the issues. The record, as previously noted, fails to disclose that any hearing was had. Recent opinions in the Florida jurisdiction indicate that petitions under Criminal Procedure Rule No. 1, which meet legal requirements, should be set for hearing on the issues presented and notice given the petitioner. See and compare Mullins v. State, Fla.App. 1963, 157 So.2d 701; King v. State, Fla.App. 1963, 157 So.2d 440; Keur v. State, Fla.App. 1963, 160 So.2d 546.
In the Keur case, supra, this court, speaking through Chief Judge Smith, held:
"* * * An examination of the motions, and of the files and records in each of these cases, does not conclusively show that Keur was entitled to no relief. Thus, under the requirements of Criminal Procedure Rule No. 1, the court should have caused notice of the motions to be served upon the prosecuting attorney of the court, granted a prompt hearing thereon, determined the issues, and made findings of fact and conclusions of law. (emphasis his)
* * * * * *
"Consistent with our decision in Dias v. State, Fla.App. 1963, 155 So.2d 662, wherein we held that an insolvent defendant-appellant who had been denied relief under Criminal Procedure Rule No. 1 was entitled to court-appointed counsel to represent him on appeal, we now hold that such a prisoner is entitled to court appointed counsel to represent him in the trial court on his motion for relief under Criminal Procedure Rule No. 1." (emphasis supplied)
In proceedings under Criminal Procedure Rule No. 1 we conceive it to be essential that a record be made available so that the representatives of the petitioner may furnish the appellate court with a record of the plenary hearing on which the trial court concluded that the petitioner was advised of his rights and that he waived such rights intelligently and understandingly. The complete transcript before us affirmatively indicates that no such hearing was held on the petition, and a fortiori no record of any such hearing was made.
Appellant next asserts that:
"* * * the allegation in said Order that the Trial Court found that the Defendant had sufficient intelligence to comprehend the seriousness and the consequences of a plea of guilty does not meet the requirements of the rule that the Defendant intelligently and understandingly waived his right to Counsel. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, (1938)."
We do not rule on this point as it is a proper subject for determination by the trial court upon hearing the petition. See e.g. King v. State, Fla.App. 1963, 157 So.2d 440 at 444.
The order appealed is reversed and the cause remanded with directions for further proceedings consistent with the views herein, giving full opportunity to the petitioner or court-appointed counsel to present evidence in support of the allegations of the motion.
Reversed and remanded with directions.
SMITH, C.J., and SHANNON, J., concur.