161 So.2d 547 (1964)
Anthony MANKUS, Appellant,
v.
STATE of Florida, Appellee.
No. E-258.
District Court of Appeal of Florida. First District.
March 10, 1964.
George G. Phillips, Jr., Pensacola, for appellant.
Richard W. Ervin, Atty. Gen., and James G. Mahorner, Asst. Atty. Gen., for appellee.
RAWLS, Judge.
Anthony Mankus, an insolvent, appeared in open court on July 1, 1960, entered his plea of guilty to robbery upon which a judgment of conviction and sentence was imposed by the trial court. Mankus, in his own proper person filed the instant motion to vacate and set aside the judgment of *548 conviction and sentence. The primary allegations contained in said motion are:
1. He was deprived of the right to have the assistance of counsel, and did not waive this right.
2. He was insolvent and of the age of 18 years at the time he pleaded guilty and his mother and step-father were not able to obtain assistance of counsel.
3. Through fear imposed upon his person, ignorance of the Florida laws, lack of representation, he was blindly led into the position of pleading guilty.
A transcript of the record of the proceedings at the time Mankus entered his plea of guilty reveals among other things that Mankus had been charged with five counts of robbery as principal in the first degree, a sixth count of entering without breaking with intent to commit a felony, and a seventh count of grand larceny, alleged to have transpired within a period of thirty-three days. The record further reflects at the time of sentencing the following recitation:
"Now on this day came in person the defendant Anthony Mankus into open court and upon inquiry by the Court to him as to whether he had counsel or desired counsel, the defendant announced that he was without counsel and did not desire the same. R.C. Waterman, step-father of the defendant, had been notified of the charges filed against the defendant and the date of arraignment, but was not present. Having been furnished a copy of the information, the said defendant was duly arraigned and entered his plea of guilty to Robbery as charged in the third count of the information filed herein and guilty to Grand Larceny as charged in the seventh count of the information filed herein, and not guilty to the first, second, fourth, fifth, and sixth counts of the information filed herein against him. Therefore you having plead guilty to the third and seventh counts of the information as charged, the Court adjudges you to be guilty of said offenses as charged." [Emphasis supplied.]
The same trial judge who imposed sentence in the initial proceedings considered the instant motion and made the following finding:
"* * * and the Court having considered the matter and being advised in the premises finds from the Record in this cause that defendant waived his right, if any, to appointment of counsel in his behalf and voluntarily plead guilty to the offense(s) for which he was adjudged guilty and sentenced * * *."
It is from a denial of the foregoing motion that this appeal has resulted.
Reduced to fundamental allegations Mankus has alleged in his collateral attack upon the proceedings in the trial court that he was eighteen years of age at the time he was sentenced and, therefore, was not capable of waiving counsel. The other allegations recited constitute only bald legal conclusions with no supporting factual allegations.[1]
We have reviewed the innumerable decisions of the United States Supreme Court to the effect that the findings of fact by the state trial judge are not necessarily binding in a collateral attack.[2] However, this court is not yet ready to hold that the trial court incorrectly recited in the record at the time of sentencing that movant waived counsel, nor are we prepared to hold as a matter of law that a young man eighteen years of age, absent other allegations such as "a near mental defective" as was the situation in the Townsend case, is not capable of waiving counsel.
*549 The movant has failed to carry the burden of alleging sufficient factual matters to overcome tthe contents of the record. Stated another way, the allegations contained in Mankus's collateral attack set forth nothing but unsupported charges which are completely refuted by the files and records of this case.[3]
Affirmed.
STURGIS, C.J., and WIGGINTON, J., concur.
NOTES
[1] Dykes v. State of Florida, Fla.App., 162 So.2d 675.
[2] Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).
[3] Sanders v. U.S., 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1962).