PER CURIAM.
On March 15, 1962, an information was filed in the Circuit Court for Sarasota County charging defendant-appellant with violation of Sec. 800.04, Fla.Stat., F.S.A. That same day, defendant in his own and proper person was arraigned in open court and entered a plea of guilty as charged. He was thereupon adjudged guilty, and on April 9, 1962, was sentenced to five years in prison. At no time was the defendant represented by counsel, and the record contains no reference to the appointment of counsel.
On April 23, 1963, appellant filed in the lower court his hand-written motion to vacate and/or set aside judgment and sentence pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. In this motion, which was subscribed before a notary public, the defendant swore that at the time of his conviction he was indigent and without sufficient funds to employ legal counsel, and that: “In view of the recent decision by the Supreme Court of the United States, (Gideon vs Wainwright case no. 155 October Term 1962 [372 U.S. 335, 83 S.Ct. 792, 9 L. Ed.2d 799] ) this writer believes his conviction and confinement to be open for attack on the grounds that his constitutional rights were violated and a fair trial in his case was not conducted.”
The lower court, on May 21, 1963, without hearing, summarily denied this motion. In its order the lower court stated, in part:
“ * * * [A]nd it appearing to the Court that the Petition filed is unsupported by verification and fails to set forth a factual basis to support the relief sought, that a review of the records in this case reveals that Petitioner entered a plea of guilty to the charge against him, which the Court accepted but withheld an adjudication of guilt pending the submission of a pre-sen-tence investigation report, that upon Petition the Court appointed two psychiatrists to examine you to determine several aspects of Petitioner’s mental condition, that to all this you were adjudged guilty and sentence pronounced, that the report of the psychiatrists revealed that Petitioner admitted his guilt to each of them and the report concluded that Petitioner was neither a sexual psycopath under the law nor unable to determine right from wrong, that
“It is further stated that during the proceedings Petitioner was advised of *554 his constitutional rights of a trial by jury and to representation by counsel, that Petitioner made no request for the appointment of counsel but waived right to counsel and to trial, that at the time Petitioner appeared before the ■ Court the Court found that Petitioner had sufficient intelligence to comprehend the nature of the case against him its seriousness and the consequences of a plea of guilty, the case referred to, Gideon vs Wainwright, is inapplicable to his case, it is therefore:
“ORDERED in view of the foregoing, that Petition is denied.”
The order states that the petition is “unsupported by verification.” In Ashley v. State, Fla.App.1963, 158 So.2d 530, this court held that an unverified motion need not be summarily denied. Nevertheless, it will be noted from our description of the motion, supra, that the motion was in fact verified.
The lower court also stated that " * * * a review of the records in this case reveals that * * * ” among other things, the defendant waived his right to counsel. However, we note that the record which the lower court had before it at the time of the denial of the motion consisted solely of the information; the arraignment, plea, and judgment; and the sentencing. The question of counsel for the defendant was never mentioned in this record.
In a recent case concerning similar facts, to wit, Camanita v. State, Fla.App.1964, 159 So.2d 921, the court held:
"In proceedings under Criminal Procedure Rule No. 1 we conceive it to be essential that a record be made available so that the representatives of the petitioner may furnish the appellate court with a record of the plenary hearing on which the trial court concluded that the petitioner was advised of his rights and that he waived such rights intelligently and understand ingly. The complete transcript before us affirmatively indicates that no such hearing was held on the petition, and a fortiori no record of any such hearing was made.”
Upon the authority of Camanita v. State, supra, as well as King v. State, Fla.App. 1963, 157 So.2d 440, the circuit court is reversed.
Reversed.
SMITH, C. J., and SHANNON and KANNER (retired), JJ., concur.