162 So.2d 4 (1964)
Francis C. BEADLES, Appellant,
v.
STATE of Florida, Appellee.
No. 4243.
District Court of Appeal of Florida. Second District.
March 13, 1964.
Lee Roy Horton, Jr., Public Defender, and Kingswood Sprott, Jr., Asst. Public Defender, Lake Wales, for appellant.
James W. Kynes, Atty. Gen., Tallahassee, and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
PER CURIAM.
Appellant, presently in the custody of the State under conviction of robbery, appeals a summary denial of his motion to vacate and set aside the conviction and sentence.
Appellant, having pleaded guilty to and been convicted of robbery in 1958, instituted proceedings under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, in 1963 seeking to have the conviction vacated. His motion to vacate alleged that he had been indigent at the time of his conviction and had been denied counsel in the proceedings incident to conviction. Two days after the motion was filed, it was *5 denied. The order denying the motion found:
"* * * [N]o grounds for the allowance of same; the record and the Court's knowledge of this matter evidence the fact that this defendant was of full age, came into Court and voluntarily entered a plea of guilty without requesting that he be given a trial or that he be furnished counsel or pleading that he was unable to employ counsel; and it further appears from the fingerprint record of the defendant, which was before the Court at the time of the imposition of this sentence that this defendant was well versed in court proceedings having been sentenced in the State of Iowa in 1946 to ten years in connection with a charge of Larceny of Motor Vehicle, that in 1951 he was again sentenced to seven years in the State of Iowa in connection with a bad check charge and in 1958 was sentenced to ten years in Florida in connection with an Armed Robbery charge; the conclusion being inescapable that during all of these court proceedings, he of necessity became familiar with his rights and was not without legal knowledge of his rights; the Court further finds that he was not denied a lawyer by this Court because of the fact that no request was ever made for one."
The record of the original proceedings is silent as to any and all of the facts relied upon by the lower court. Since no hearing was held on the motion, there was no record made to substantiate the findings. Under these circumstances we must reverse the order denying appellant's motion and remand the cause for hearing. King v. State, Fla.App. 1963, 157 So.2d 440, Cammita v. State, Fla.App. 1964, 159 So.2d 921.
In view of the necessity of remanding the cause, it is appropriate to point out that an indigent's failure to request counsel, absent a finding that he was aware of the right to appointed counsel, does not constitute an affirmative waiver of the right. In short, a finding that a prisoner did not request counsel cannot alone suffice as a waiver of counsel.
Finally, in subsequent proceedings on the motion, the court should determine if, under the circumstances, the assistance of counsel is essential to accomplish a fair and thorough presentation of the appellant's claim. Any doubt in this regard should be resolved in favor of affording counsel to the appellant. State v. Weeks, Fla. 1964, 166 So.2d 892.
Reversed and remanded for proceedings consistent with the above.
SMITH, C.J., and ALLEN and WHITE, JJ., concur.