PER CURIAM.
Appellant was informed against for the crimes of larceny of a boat and using a boat without the owner’s consent. Thereafter, he was arraigned and entered a plea of guilty to both charges. He was thereupon sentenced to serve from 6 months to 5 years in the state penitentiary.
Appellant moved that the judgment and sentence be vacated, and that he be discharged or that he be granted a new trial pursuant to Criminal Rule No. 1 for failure of the trial judge to advise him of his right to counsel, and for failure of the court to appoint counsel to represent him. The trial court denied this motion, and the defendant appeals that ruling.
It was reversible error to deny the motion to vacate the judgment and sentence and grant a new trial,-inasmuch as, the accused had a constitutional right to be advised that he is entitled to counsel.
The U. S. Supreme Court in Rice v. Olson, 324 U.S. 786, 788, 65 S.Ct. 989, 991, 89 L.Ed. 1367 (1945) ruled:
“A defendant who pleads guilty is entitled to the benefit of counsel, and a request for counsel is not necessary.”
In the instant case the record contains no showing that the trial judge ever advised the accused of his right to counsel, or that the accused ever asked the court for counsel.
It was said in King v. State, Fla.App, 1963, 157 So.2d 440, 443:
“In each instance where an accused appears in court without a lawyer, the court should advise him of his constitutional right to the assistance of counsel and determine whether or not he is able to employ a lawyer to represent him.”
Accordingly, it was error to deny appellant’s motion for a new trial in view of the fact that the trial court erred in failing to advise the accused of his right to counsel.
Inasmuch as we reverse on the threshold error of failure to advise of right to counsel, we do not reach the other questions raised by the briefs.
Reversed and remanded for new trial.