PER CURIAM.
Frank Sams appeals ah order denying his petition to vacate judgment and sentence. The record here shows that in 1959 Sams was arraigned and entered a plea of guilty to the charged crime of indecent assault, whereupon he was adjudged guilty and sentenced. In April of 1963, Sams filed his petition for relief pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. Said petition, which was sworn to before a notary public, alleged (in what might be termed the average layman’s allegations, mixing facts and conclusions) that he was then in prison pursuant to the aforementioned judgment and sentence, which was imposed illegally without due process of law, in that he was denied benefit of legal counsel; that he was entitled to have the judgment and sentence vacated under the authority of Gideon v. Wainwright;[1] and that at the time of his arraignment, entry of the plea of guilty, rendition of the judgment and imposition of the sentence, he had no funds for legal counsel and none was appointed by the court. The record does not disclose any advice to the defendant with regard to his constitutional right to counsel; nor does it disclose any offer by the court to appoint counsel to represent the defendant.
 The trial court denied Sams’ petition to vacate judgment and sentence, stating:
“* *. * [I]t appearing to the Court that the Petition filed is unsupported by verification and fails to set forth a factual basis to support the relief sought, that a request was not ■' made by Petitioner at or before the-: time of arraignment for appointment of counsel and such appointment -was-not denied by this Court, that at the-: time Petitioner appeared before '■t-hé-'' Court the Court found that Petitioner'-:had sufficient intelligence to comprehend the nature of the case against---him its seriousness and the consequences of a plea of guilty, that in as. much as Petitioner’s case was disposed!' of on a plea of guilty the case referred! to, Gideon vs. Wainwright, • is inapplicable to his case. * * * ”
We have previously said that motions filed under Criminal Procedure Ride No. 1 may not be denied without a hearing unless an examination of the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. King v. State, Fla.App. 1963, 157 So.2d 440. Neither the findings of the court below nor the record justifies the summary denial of Sams’ petition.
The order denying relief is reversed with-, directions for further proceedings in accordance with the directions given in King-v. State, supra, and Keur v. State, Fla.App.. 1963, 160 So.2d 546.
Reversed.
SMITH, C. J., and SHANNON and WHITE, JJ., concur.

. 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).