PER CURIAM.
Information was filed June 3, 1959, charging Samuel Sandberg with breaking and entering a building with intent to commit a felony, as defined in section 810.02, Florida Statutes, F.S.A. On June 8, 1959, the .defendant pleaded guilty and was sentenced to be confined and committed to the custody of the • Department of Correction for a term of six months to fifteen years.
The petitioner filed a sworn request that the judgment of conviction be set aside upon grounds this court has held sufficient: King v. State, Fla.App.1963, 157 So.2d 440. The court after a check of the records denied the request without hearing.
To sustain a denial of a petition under Criminal Procedure Rule No. 1, F.S. A. ch. 924 Appendix, without hearing, the files and records of the case must affirmatively show that the defendant was represented by counsel, or that he was financially unable to employ counsel, and that he competently and intelligently waived his right to counsel. The record on appeal in this case does not meet this test.
*3 In subsequent proceedings on the motion, the court should determine if,' under the circumstances, the assistance of counsel is essential to accomplish a fair and thorough presentation of the petitioner’s claim. Any doubt in this regard should be resolved in favor of affording counsel to the petitioner. Beadles v. State, Fla.App. 1964, 162 So.2d 4, opinion filed March 13, 1964.
Reversed and remanded for proceedings consistent herewith.
ALLEN, Acting C. J., and WHITE and ANDREWS, JJ., concur.