164 So.2d 858 (1964)
William Stephen PHILLIPS, Appellant,
v.
STATE of Florida, Appellee.
No. 4599.
District Court of Appeal of Florida. Second District.
May 29, 1964.
Walter R. Talley, Public Defender, Bradenton, for appellant.
James W. Kynes, Atty. Gen., Tallahassee, and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
PER CURIAM.
William Stephen Phillips appeals an order denying his motion for post conviction relief filed pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. In denying the motion the court stated:
"THIS CAUSE coming on before the Court upon the Motion of the above named for a new trial, the record affirmatively shows that Petitioner waived counsel * * *"
No further reason was given for denying the motion. The pertinent portion of the record, however, reads as follows:
 "Case of
 STATE OF FLORIDA
 vs. No. 1630
 MARTIN ELLIS BRUMIT and ROBBERY
 WILLIAM STEPHEN PHILLIPS
was called and the defendants being present and the Information charging them with ROBBERY being read to them by the State Attorney, and each of them being asked whether they plead guilty or not guilty, they and each of them plead guilty to said charge. At this time Martin Ellis Brumit stated to the Court that his parents were informed of the charge pending against him and that they had visited him in jail. Upon being asked by the Court if either of them desired counsel to represent them, they each stated that they did not, whereupon the Court adjudged each of them to be guilty of Robbery and imposed the following Judgments and Sentences:" (emphasis supplied)
Petitioner's motion alleged that he is currently in custody of the department of corrections; that he entered a plea of guilty without the advice of counsel; that he was without funds to employ counsel at the time of entering his plea; and that in accepting the guilty plea without appointing counsel to represent him, the *859 Court denied him the fundamental rights due him under the laws of the United States as set forth in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. In reply to petitioner's assertion that the court erred in summarily denying the motion, the State answers only that the motion was insufficient in that it alleged neither expressly nor implicitly that the Petitioner did not competently and intelligently waive his right to counsel. Therefore the State concludes that the petition was properly denied.
That point was recently discussed by this court in Dixon v. State, 163 So.2d 771, Case No. 4354, opinion filed May 6, 1964:
"Directing attention to the specific alleged insufficiency in appellant Dixon's motion, a failure to negate waiver of the right to counsel, we find neither allegation of conclusion or of fact negating waiver. The motion does not contain allegations that appellant was neither advised of his right to counsel nor offered counsel. Accordingly, the motion does not raise the presumption against intelligent waiver indulged under those circumstances. King v. State [Fla.App., 157 So.2d 440], supra. Cf. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70. The motion contains no other allegations of fact which might be deemed to have expressly precluded `intelligent and understanding waiver.' See Mullins v. State, Fla.App. 1963, 157 So.2d 701. Cf. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The motion contains no allegations of fact, nor even conclusory allegations, that imply negation of waiver. See Sampson v. State, [Fla.App., 158 So.2d 771], supra. In fine, upon the most liberal reading of the motion it fails to demonstrate that appellant's case `was one in which the assistance of counsel, unless intelligently and understandingly waived by him, was a right guaranteed him by the Fourteenth Amendment.' Carnley v. Cochran, 369 U.S. at 512, 82 S.Ct. [884] at 888 [8 L.Ed.2d 70] (1962).
"Conceding that failure to state a prima facie case would have justified a summary denial of the motion without reference to the `files and records,' and conceding that this court would have affirmed such a denial, the question remains as to whether the present posture of the cause still impels an affirmance.
"As indicated above, a movant's failure to allege that the right to counsel was not waived does not preclude the trial court, in the exercise of its discretion, consulting the `files and records' to ascertain if waiver occurred. Neither does it preclude a hearing if the `files and records' are inconclusive. See Wilson v. State, supra [Fla.App., 164 So.2d 43]. Should the court, in its discretion, not choose to proceed beyond the determination that the motion is insufficient, this determination must be affirmed. However, when, as in the instant case, the lower court goes beyond consideration of the allegations of the motion in denying it, this may, in appropriate circumstances, remedy the initial insufficiency of the motion and preclude a disposition which would otherwise have been proper.

* * * * * *
"In the case sub judice, appellant's motion could have been summarily denied for failure to negate waiver of the right to counsel. The lower court did not, however, summarily deny the motion; rather, it made further inquiry, consulting the files and records of the original proceeding. These were silent as to appellant ever having been advised of the right to counsel or having been offered counsel but affirmatively revealed the absence of counsel at the entry of his plea of guilty and at sentencing. Under those *860 circumstances, a continued presumption which includes a presumption of waiver cannot be indulged. Cf. Carnley v. Cochran, supra. The record sufficed to remedy the initial insufficiency of the motion to state a prima facie claim." (emphasis supplied)
The lower court here elected not to deny the motion on insufficiency of petitioner's allegations but went into the record. We must do the same. The record before us fails to disclose conclusively that there was an intelligent waiver of a known right to free counsel, and therefore the petition should not have been summarily denied. This court has recently held that an indigent's failure to request counsel, absent a finding that he was aware of the right to court appointed counsel, does not constitute an affirmative waiver of the right. See Beadles v. State, Fla.App. 1964, 162 So.2d 4.
We are mindful that the First District Court of Appeal has had the identical question before it on at least three occasions and in each instance has affirmed the order denying post conviction relief. Thus that court apparently has adopted a less liberal view than has this court. See Dykes v. State, Fla.App. 1964, 162 So.2d 675; Hale v. State, Fla.App. 1964, 162 So.2d 5; Mankus v. State, Fla.App. 1964, 161 So.2d 547. We cannot follow those decisions but hold contrarily that summary denial of such a motion is error unless the record conclusively discloses that the insolvent petitioner was fully aware that he had an absolute right to court appointed counsel without cost to him. Compare the dissenting opinion of Judge Donald K. Carroll in Dykes v. State, Fla.App. 1964, 162 So.2d 675, 678.
We have held that in proceedings of this nature, absent a wholly insufficient petition, a record should be made available so that on appeal representatives of the petitioner may furnish the appellate court with a record of the plenary hearing on which the trial court concluded that the insolvent prisoner was entitled to no relief. See e.g. Caminita v. State, Fla.App. 1964, 159 So.2d 921; Williams v. State, 163 So.2d 767, Second District Court of Appeal, Case No. 4428, opinion filed May 13, 1964. As stated previously, no such hearing was held in the instant case. The cause is reversed and remanded for plenary hearing on the motion as outlined in King v. State, Fla. App. 1963, 157 So.2d 440.
Reversed.
SMITH, C.J., and SHANNON and WHITE, JJ., concur.