PER CURIAM.
The appellant, Thomas James Armstrong, appeals from a summary denial of his motion for post conviction relief filed under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix.
t
The sole question is whether the allegations in the defendant's handwritten motion were sufficient to sustain relief under Criminal Procedure Rule No. 1, the petitioner having stated the following:
“Based on Criminal Procedure Rule # 1, Jan. Term, A.D., 1963, Supreme Court of Florida, I hereby apply for relief by vacation of the sentence imposed by the court on March 13, 1961. This application is based on the fact that at the time of said sentencing I was not represented by legal counsel, state provided or otherwise. * * *
“Your Honor, I’m not familiar with letters of this type and this may not be written properly but I appeal to you to act in a way that will benefit me if possible. * * * ”
The motion was denied below without a hearing because it failed to allege that defendant did not waive his right to counsel. The record is silent as to whether the defendant was financially able to employ counsel, whether he was offered counsel, or whether he intelligently waived his right to counsel. In Ashley v. State, Fla.App. 1963, 158 So.2d 530, this court held that the silence of the record as to these matters does not justify a summary denial of the «notion.
The court is familiar with the cases of Dykes v. State, Fla.App.1964, 162 So.2d 675; Hale v. State, Fla.App.1964, 162 So.2d 5; and Mankus v. State, Fla.App. 1964, 161 So.2d 547. But see Phillips v. State, Fla.App., 164 So.2d 858; Williams v. State, Fla.App., 163 So.2d 767; and Caminita v. State, Fla.App.1964, 159 So.2d 921.
Since the motion is plainly insufficient, the trial judge’s order must be affirmed for ■the reasons stated in Dias v. State, Fla.App.1963, 158 So.2d 766, without prejudice as stated in Turner v. State, Fla.App.1964, 161 So.2d 11.
Affirmed.
SMITH, C. J., and SHANNON and ANDREWS, JJ., concur.