PER CURIAM.
This appeal arises upon denial of appellant’s motion for relief under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. The motion alleged that appellant, indigent and unable to retain counsel, was arraigned, pleaded guilty, was convicted and subsequently sentenced without the advice or assistance of counsel. The lower court, after examining the “files and records” in the cause, found that appellant had not requested counsel, that appellant had not apprised the court of his indigency and that despite the allegations of the motion it was not affirmatively shown that appellant had been indigent. The court concluded that appellant had not been denied the assistance of counsel and denied the motion.
The record of arraignment reveals that appellant, a minor at the time, appeared with his father and pleaded guilty. It is entirely silent as to whether appellant and/or his father were apprised of the right to counsel or if the court made any inquiry as to their desire for counsel. The record’s silence coupled with the affirmative allegations in the motion present a prima facie case for relief.[1] None of the aforementioned findings of the lower court *434 ■suffice to preclude relief. Absent a finding -that appellant or his father was aware of .an indigent’s right to counsel, their failure -to request counsel or to indicate indigency -does not constitute a waiver of the right to «.counsel. Beadles v. State, Fla.App.1964, 162 So.2d 4.
Since the files and records do not conclusively refute the prima facie case for relief heretofore determined to exist, the order summarily denying the motion is reversed and the cause remanded for further proceedings in accordance with Criminal Procedure Rule No. 1 and our opinion in King v. State, Fla.App.1963, 157 So.2d 440.
Reversed and remanded.
SMITH, C. J., and ALLEN and WHITE, JJ., concur.

. See Dixon v. State, Fla.App.1964, 163 So.2d 771. Phillips v. State, Fla.App.1964, 164 So.2d 858.