STURGIS, Chief Judge.
Appellant seeks reversal of an order denying his motion under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix to vacate a judgment convicting him of a felony. He alleged by the motion that he was indigent and not represented by counsel at any stage of the trial proceedings, and *410 the state did not fi-le an answer or present any evidence in opposition thereto.
The order reveals that the court was of the opinion that the merits of the motion and the grounds thereof did not warrant the production of the prisoner (appellant) at the hearing thereon. Denial is based on a finding
“ * * * that on July 17, 1958, defendant [appellant] entered a plea of guilty to the offense for which he was adjudged guilty, a pre-sentence investigation was ordered, and on August 7, 1958, defendant was placed on probation for a period of five years, thereafter on May 15, 1959, defendant plead guilty to violation of probation, was adjudged guilty of violation and sentenced, and defendant waived his right, if any, to appointment of counsel by his plea of guilty to the offense, * * * »»
The question here is twofold: Whether the fact that the accused entered a plea of guilty to the offense charged in itself constituted a waiver of his right to counsel; and if not, whether it was necessary in this proceeding under Criminal Procedure Rule No. 1, and in the absence of an admission of error, or of a stipulation of the material facts, or of an official record of the trial proceedings clearly indicating competent waiver of the right to counsel, to hold a hearing for the purpose of determining whether the accused did or did not waive the right to counsel, and thereupon to make findings of fact and conclusions of law in disposing of the motion to vacate. We answer the first phase of the question in the negative and the second phase in the affirmative. As to the latter, Rule 1 requires the trial court to vacate and set aside the judgment and to “discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate” in the event “there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack.”
Since the trial court’s order herein is based solely upon an implied waiver arising out of the prisoner’s plea of guilty and since the record is thus limited, it is impossible for this court to determine whether at any time during the trial appellant was informed of his constitutional right to counsel or asked whether he had or desired counsel. The duty rests on the trial court to ascertain whether an accused has knowingly and intelligently waived the right to counsel (Johnson v. Zerbst, 304 U.S. 458, 465, 58 S.Ct 1019, 1023, 82 L.Ed. 1461 [1938]) and that duty is not discharged by the fact that an accused enters a plea of guilty.
While we are not prepared to fully adopt the standards laid down in Aiken v. United States, 296 F.2d 604,4th Cir. 1961, as to the inquiry and explanation required before permitting an accused to waive his right to counsel, we hold that a plea of guilty does not per se constitute an implied waiver of the right, and where, as in this case, the only evidence of waiver is the plea of guilty, it will not be presumed that the accused knowingly and intelligently waived the right.
In so holding, we adhere to the rule in King v. State, 157 So.2d 440 (Fla.App.). In that case the movant asserted that he was indigent, that he lacked counsel on the trial, and that he was not offered assistance of counsel or informed of his right to counsel. In reversing an order denying relief under Criminal Procedure Rule No. 1, it was held that the trial court violated the rule (1) in failing to cause notice to be served upon the state attorney, (2) in failing to grant a prompt hearing on the motion, (3) in failing to determine the issues, and (4) in failing to make findings of fact and conclusions of law.
 While the appellant in the instant case did not allege, as in the King case, that he was not informed of his right to counsel or offered counsel, such is immaterial in view of the critical error in holding that the *411 plea of guilty, standing alone, constitutes a waiver of the right. As said in the King •case, prejudice is presumed to have resulted upon a plea of guilty without benefit of ■counsel to the same extent as if the defendant had been tried without benefit of •counsel. Rice v. Olson, 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1367 (1945); Sams v. State, 163 So.2d 10 (Fla.App.1964).
We feel obliged to observe that this case provides a striking example of an incon-gruous situation developed by the flood of reviews brought on by the decision in Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L.Ed.2d 799, which are now cluttering the trial and appellate courts of the •states and nation. In the case on review rthe accused was charged with having assaulted another with a deadly weapon, a lcnife. Upon being arraigned he entered a plea of guilty and was sentenced on July 17, 1958, to pay a fine of $500 and the costs of prosecution, and in default of payment to imprisonment for 60 days in the county jail, -which sentence was apparently withdrawn •upon the court ordering a pre-sentence investigation. On August 7, 1958, appellant .appeared for sentence, whereupon the court stayed imposition of sentence and placed him on probation for a period of three years. •On May 15, 1959, he was brought before the ■court for violation of his probation, admitted same, his probation was revoked, and he was then sentenced to the term he is now ■serving. It is with this background that he moved the court under Criminal Procedure Rule No. 1 to erase the blackboard and start ■over.
The rash of decisions and rules of pro■cedure implementing Gideon in its application to prisoners convicted of crime has inspired such a wave of petitions to vacate the judgment of conviction and sentence imposed that it has in many instances clogged the machinery qf the judicial process. As a by-product of the excitement and interest created by the Gideon decision, many persons serving sentences for crime have without warrant of law seized upon the rule in Gideon as ‘a crutch for almost every conceivable type of attack upon the judgment and sentence. This is often attempted in the form of a direct appeal from the judgment of conviction rather than by way of a collateral attack as recognized by Gideon and contemplated by Criminal Procedure Rule No. 1, Florida Rules of Criminal Procedure. The solicitude of the courts to carry out the spirit as well as the. intent of the rule in Gideon has resulted in liberalizing appellate practice and procedure to the point that it is practically nonexistent when the appellant appears in proper person. And this has emboldened many of such appellants to the point that, putting it mildly, they all too often treat the personnel of the judicial and executive branches of government as lackeys whose time they have a constitutional right to pre-empt to the exclusion of any claim upon that time by the law-abiding citizen. Moreover, many are so crass and bold as to threaten the menials of the judicial system at the state level with dire retribution at the hands of some federal taskmaster if we fail to make schedule or to perform according to notion. The implications of this problem are manifold. Its tenacles reach into the vitals of our way of life and threaten to permanently pervert justice under the law. The problem deserves prompt re-éxaminátion in the light of experience to .the end that corrective procedures may be adopted to expel as far as practicable the festers that' infect -the body politic from this source.
The failure of the trial court to follow the procedure prescribed in the rule requires our reversal of the order appealed. The cause is remanded, with directions for further proceedings to be had in compliance herewith.
Reversed and remanded.
WIGGINTON ■ and CARROLL, DONALD K., JJ., concur.