166 So.2d 163 (1964)
Harold ARCHER, Appellant,
v.
STATE of Florida, Appellee.
No. 4598.
District Court of Appeal of Florida. Second District.
July 1, 1964.
Walter R. Talley, Public Defender, Bradenton, for appellant.
James W. Kynes, Atty. Gen., Tallahassee, and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
SMITH, Chief Judge.
Harold Archer appeals from an order denying his motion for relief pursuant to Criminal Procedure Rule No. 1 F.S.A. ch. 924 Appendix. We reverse.
In 1960 Archer was arraigned on a charge of burglary to which he entered a plea of guilty without benefit of counsel, after which the record shows: "Whereupon, the court asked the defendant if he desired to consult an attorney before entering a plea and the defendant stated that he did not desire counsel and that he was guilty of the charge." The court then entered judgment and sentence. In May 1963 Archer filed a motion for relief under Criminal Procedure Rule No. 1. This motion was denied on July 8, 1963 without a hearing. Archer filed a second motion in July 1963 which was denied October 30, 1963 without a hearing upon the ground that the matter had been previously adjudged. By this appeal we review the latter order.
In the second motion Archer alleges he lacked funds to employ an attorney when he entered his plea of guilty and he was not made aware of the existence of any right to representation absent such funds; that he entered his guilty plea without the aid of counsel and that there was no waiver of his right to have counsel furnished since he had no knowledge of such a right, the court having failed to advise him of its existence. This second motion also set forth allegations of fact which, if true, would entitle the movant to have the judgment and sentence vacated and set aside. See King v. State, Fla.App. 1963, 157 So.2d 440.
There remains for our determination, therefore, only the question as to whether *164 or not the court could properly deny the second motion on the ground that the matter had been previously adjudicated.
The Florida Supreme Court has said that the decisions of the federal courts should be used "as a guide to the proper application * * * of the Florida Rule" since Florida Criminal Procedure Rule No. 1 is adopted almost verbatim from Title 28 U.S.C.A. § 2255, of the federal statutes. Roy v. Wainwright, Fla. 1963, 151 So.2d 825. Pursuant to this directive this court notes that the United States Supreme Court in Sanders v. United States, 1963, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, has set out guidelines in dealing with "successive motions on grounds previously heard and determined."
The Sanders case, supra, stresses the point that a prisoner invoking § 2255 enjoys the same rights as does an applicant for habeas corpus and that any substantial procedural hurdles making his § 2255 remedy any less swift or effective than that of habeas corpus would engender grave constitutional doubts.
The court goes on to point out that for the purpose of considering successive motions the motion procedure and habeas corpus are substantially equivalent and that the principles governing successive applications for habeas corpus should be applied, with one exception. In cases where the second or successive application is shown to be conclusively without merit on the basis of the motion and files and records of the case, such motion should be denied without a hearing. Absent the above-noted exception a second or successive motion should be denied on the ground of a prior denial only if (1) the same ground presented in the subsequent motion was determined adversely to the prisoner on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application.[1] Sanders v. United States, supra.
In view of the foregoing principles, we find that the court erred in its denial of the second motion for the reason that the motion, files and records of the case do not conclusively show that the prisoner is not entitled to relief, coupled with the fact that the prior denial was entered without a hearing, was based upon the insufficiency of the motion and therefore was not a determination on the merits. The order denying relief is reversed for further proceedings in accordance with the principles announced in King, supra.
ALLEN and ANDREWS, JJ., concur.
NOTES
[1] For an example of the proper application of the principles governing second or successive applications, see Simpson v. State, Fla.App. 1964, 165 So.2d 195, opinion filed June 12, 1964.