PER CURIAM.
Defendant-appellant appeals from a denial of his Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, motion without a hearing. The record shows that the defendant entered pleas of guilty to three separate charges of breaking and entering with intent to commit a misdemeanor and was sentenced for six months to three years on each charge, the sentences to run consecutively. The informations under which he was tried were numbered 975, 976 and 977. The sentence under Information 976 was to commence at the completion of the sentence under Information 975, and the sentence under Information 977 was to commence at the completion of the sentence under Information 976.
The record further shows that at the time he was sentenced the following proceedings took place:
“The Assistant State Attorney and the defendant in person and Mrs. Minnie Strickland, his mother, being present in open Court, thereupon the Defendant was duly arraigned and pled Guilty to the charge of the Informa-tions on file against him.
“The Court inquired of the Defendant whether or not he realized under his plea that he could be sentenced to a term in the State Prison and he said that he did. The Court inquired as to whether or not that is what he desired to do and he said that is what he desired to do.
“The Court then proceeded to pronounce sentence * *
The defendant has filed in this court a hand-written motion, which alleges as follows:
“I submit that I was not represented by counsel in this action. You asked me if I wanted a counsel and I told you you [sic] no, because I didn’t have any money. But my mother wanted me to have a counsel, and you said the [sic] could not point [sic] me a counsel unless it was a capital crime. I further submit that, as a result of having no legal advisor, my rights as guaranteed by the Constitution of the United States, have been violated.”
The motion of the defendant was summarily denied by the trial court. We are assuming that the defendant’s motion is on Information 975, and that he was and is serving that sentence.
The attorney general contends that the denial of this motion should be affirmed because the motion failed to allege that the defendant did not competently and intelligently waive his right to counsel. In Phillips v. State, Fla.App.1964, 164 So.2d 858, this court held that “summary denial of such a motion is error unless the record conclusively discloses that the insolvent petitioner was fully aware that he had an absolute right to court appointed counsel without cost to him. * * * ”
*616 The cause is reversed and remanded for a plenary hearing on the motion, as is outlined in King v. State, Fla.App.1963, 157 So.2d 440.
Reversed and remanded.
ALLEN, Acting C. J., and SHANNON and ANDREWS, JJ., concur.