RAWLS, Judge.
Appellant Henry Mason entered his plea of guilty in the Court of Record in Escambia County, Florida, on August 29, 1955 in Case No. 2556-B, and on November 16, 1955 was sentenced to a term of ten years. The record does not reveal what occurred with reference to Mason serving this sentence. On June 22, 1962 in Case No. 62-583 Mason entered his plea of guilty to seven counts of an information charging him with armed robbery. Again he was adjudged guilty by the Court of Record in Escambia County, Florida and was sentenced to a term of twenty-five years.
On September 4, 1963 Mason filed his motion to vacate the sentence imposed in *619 1955 which motion was denied by the trial court on September 9, 1963. No appeal was taken. On the 7th day of April, 1964 Mason filed the instant motion to vacate the sentence imposed in Case No. 62-583 which motion the trial court denied upon the grounds that “ * * * defendant knowingly, understandingly and intelligently plead guilty to the offenses for which he was adjudged guilty and sentenced and, therefore, by voluntarily pleading in such manner, waived his right, if any, to appointment of counsel * *
The rule is clearly established that a plea of guilty does not per se constitute an implied waiver of an indigent prisoner’s right to counsel, and where the only evidence of such a waiver is a plea of guilty, it will not be presumed the accused knowingly and intelligently waived the right.[1] So, the reasons given by the trial judge for rejecting a hearing are erroneous. However, if the record, before the trial court reflects that the movant waived counsel, the burden then falls upon the movant to set forth facts which are adequate to impeach said waiver.
An examination of the record in this cause reveals the following finding by the trial court at the time it sentenced Mason in the instant cause, viz.:
“ * * * and upon inquiry by the Court to each defendant as to whether they had counsel or desired counsel each defendant announced that he was without counsel and did not desire same.”
We held in Dykes v. State [2] that the above cited language when appearing in the record was sufficient to establish a prima facie showing of waiver of counsel by an indigent and that upon being confronted with such language, one collaterally attacking an ensuing judgment of conviction must allege facts beyond the simple allegation of, “I didn’t waive counsel”. Here, the substance of Mason’s allegations is ':
1. He did not realize the consequences of his act in pleading guilty to seven counts of an information charging him with armed robbery. The record before us reveals that Mason pleaded guilty to a single' offense of robbery in 1955 and was sentenced to ten years. This prior experience refutes the allegation that he didn’t know the consequences of his plea to a subsequent information.
2. His conviction was founded upon an illegal search of his home by officers and brutality on their part at the time of his arrest. Such allegations are proper subjects for an appeal from a judgment of conviction but may not be reviewed in a collateral proceeding attacking the regularity of the initial judgment. This is especially true in the instant cause since proof of guilt is not required where a plea of guilty is entered.[3]
We conclude that the material facts alleged by movant in this cause are rebutted by the record and that the trial judge properly rejected movant’s petition without requiring that further evidence be adduced at the hearing. We are not unmindful of our sister courts’ decisions [4] which are in direct conflict with the conclusion reached herein. We are still of the opinion as expressed in Dykes v. State, supra, and decline to recede therefrom.
Affirmed.
STURGIS, C. J., and WIGGINTON, J., concur.

. Dortch v. State, 165 So.2d 409 (Fla.App. 1st, 1964) and authorities cited therein.

. Dykes v. State, 162 So.2d 675 (Fla.App. 1st, 1964).

. Kirkland v. State, 165 So.2d 774 (Fla. App.3rd, 1964).

. Phillips v. State, 164 So.2d 858 (Fla. App.2d 1964); Archer v. State, 166 So.2d 163 (Fla.App.2d, 1964).