PER CURIAM.
Antonio A. Laneiro appeals an order denying his petition for post conviction relief filed pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. The petition alleged facts sufficient to entitle him to a hearing under the rule announced in King v. State, Fla.App.1963, 157 So.2d 440. Hearing was granted but without representation. In denying the relief sought the court found:
“This cause came on to be heard * * * and the Defendant being be *443 fore the Court and having been heard and the State through the Assistant State's Attorney having been heard the Court finds that the Defendant in this case thoroughly understood the nature of the charges pending against him and freely and voluntarily in open Court detailed the circumstances clearly indicates his guilt. Upon being interviewed by a parole office, he again freely and voluntarily recounted the circumstances of the crime.
“The Court finds that at the time of his sentence, the Defendant clearly understood the nature of the charge (s) ■against him, did not in any way deny his guilt and on the hearing before the Court on this date, the Defendant under oath again admitted the facts that constituted his guilt. Under these circumstances no purpose useful to the Defendant would be served in granting a new trial.” (Emphasis supplied.)
The petitioner points out that he was not represented by counsel at the time 'he pleaded guilty, when he made admis•sions to the parole officer, or at the hearing on his rule 1 petition when he reaffirm-ed his guilt before the court. Therefore he .argues that his subsequent admission with•out advice of counsel should be given no greater weight than his original statement •similarly made. Being unable to properly represent himself, the petitioner asserts that he was deprived of a fair trial and denied due process of law citing Dortch v. State, Fla.App.1964, 165 So.2d 409; Marti v. State, Fla.App.1964, 163 So.2d 506; Beadles v. State, Fla.App.1964, 162 So.2d 4.
We agree. The question of guilt or innocence is immaterial in a proceeding for post conviction relief under Criminal Procedure Rule No. 1. Dickens v. State, Fla.App.1964, 165 So.2d 811, 815. Accordingly we are compelled to reverse. In fairness to the lower court, we note in passing that the cited cases were decided long subsequent to the rendition of the order here appealed.
The judgment is accordingly reversed and the cause remanded for a new hearing on the petition.
Reversed and remanded.
SMITH, C. J., and SHANNON and WHITE, JJ., concur.