PER CURIAM.
Carl Beauford Carver appeals an order denying his petition for post conviction relief under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix.
It appears that the petitioner was indicted on a charge of first degree murder. From the time of his arrest to the time of his arraignment he was not represented by counsel. On arraignment he was advised that he had a right to be represented by counsel on the capital charge. The state attorney agreed that he be allowed to plead guilty to second degree murder, which plea was entered without advice of counsel. The defendant apparently was not informed that he had the right to be represented by counsel on the lesser charge. He was adjudged guilty and sentenced to life imprisonment.
The petitioner asserts that he did not knowingly and intelligently waive his right to counsel. The record does not disclose that the indigent defendant was offered court appointed counsel on the second degree murder charge nor does it reflect what was done to determine the question of waiver vel non — whether the right to counsel was knowingly and intelligently waived. This was a critical deficiency. Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Phillips v. State, Fla.App.1964, 164 So.2d 858; Devanney v. State, Fla.App.1964, 165 So.2d 265. In these circumstances prejudice is presumed to have resulted on the plea of guilty without benefit of counsel. Dortch v. State, Fla.App.1964, 165 So.2d 409, 411; Sams v. State, Fla.App.1964, 163 So.2d 10; King v. State, Fla.App.1963, 157 So.2d 440.
The petitioner here, as defendant, was faced with accepting appointed counsel and being tried for first degree murder, a capital offense, or alternatively pleading guilty to second degree murder with assurance that at worst his life would be spared. Thus no “informed” plea was entered. A layman is not expected to know the lesser offenses that are included in'a technically worded indictment; and the record does not disclose that the defendant was advised that, in addition to second degree murder, *899 there are other homicides that are lesser offenses within a first degree murder indictment.
The order accordingly is reversed and the cause remanded for further proceedings.
ALLEN, Acting C. J., and WHITE and ANDREWS, JJ., concur.