176 So.2d 76 (1965)
Henry MASON, Petitioner,
v.
STATE of Florida, Respondent.
No. 33877.
Supreme Court of Florida.
June 9, 1965.
*77 J. Robert McClure, Jr., Tallahassee, for petitioner.
Earl Faircloth, Atty. Gen., and James T. Carlisle, Asst. Atty. Gen., for respondent.
THORNAL, Justice.
By a petition for a writ of certiorari we have for review a decision of the Court of Appeal, First District, which passes upon a question certified by that court as being one of great public interest. Mason v. State, Fla.App., 167 So.2d 618.
We are concerned primarily with a claimed right to counsel in a felony prosecution and an alleged waiver of the right.
*78 On June 22, 1962, the petitioner Mason, without counsel, pleaded guilty to seven counts of armed robbery. He was adjudged guilty and sentenced to a term of 25 years. On April 7, 1964, Mason sought to have the sentence vacated, when he filed a motion under our Criminal Procedure Rule # 1, F.S.A. ch. 924 Appendix. The trial judge denied the motion without a hearing. He gave as his reason that the defendant had understandingly pleaded guilty to the offenses and "by voluntarily pleading in such manner, waived his right, if any, to appointment of counsel * * *" On appeal, the District Court affirmed the judgment denying the Rule 1 motion. The appellate court disagreed with the trial judge on the reason announced by him for the denial. However, it affirmed his judgment on other grounds. Mason v. State, supra. We have jurisdiction by virtue of the certification by the District Court. Additionally, as we shall see, the instant decision is in direct conflict with decisions of other District Courts on the same point of law.
The District Court here correctly held that a plea of guilty standing alone, even though voluntarily made, does not constitute a waiver of the right to assistance of counsel as a matter of law. Sardinia v. State, Fla., 168 So.2d 674. In the cited case, we pointed out that a lack of advice of counsel could be an important factor in producing a plea of guilty which otherwise might not be tendered if the assistance of counsel were available. It is now generally agreed that a plea of guilty without more does not conclude the matter of a waiver against an accused.
By his Rule 1 motion, Mason alleged that he could not afford counsel because of lack of funds. He asked the prosecutor to help him get a lawyer but was told that there was no right to counsel except in capital cases. He was further advised that it would be better if he did not ask for assistance when he went to court because he was an ex-convict and it would cost the state money and "that will make me get more time requesting for counsel to represent me." The foregoing were the petitioner's allegations. The denial of his motion without a hearing prevented any opportunity to prove them, if he could.
By the order denying the motion, the trial judge recited a portion of the trial record which revealed that: "* * * upon inquiry by the court to each defendant as to whether they had counsel or desired counsel, each defendant announced that he was without counsel and did not desire the same." The petitioner was one of two defendants.
It was the view of the District Court that the quoted record conclusively reflected a waiver sufficient to deny a full hearing on the Rule 1 motion. We must decide, therefore, whether by the quoted language, a waiver of right to counsel is concluded as a matter of law.
The Courts of Appeal of the First and Second Districts have arrived at diametrically opposite conclusions in resolving the problem. In the view of the First District Court, if a trial judge asks a defendant whether he has counsel or desires counsel, and the answer is negative, a waiver results. In the view of the Second District Court the trial judge must go further and advise the accused of his right to counsel and the availability of a state-supplied lawyer if he is unable to employ one.
There are very few definitive decisions on the exact extent of the responsibility of the trial judge and the component elements of a waiver in "right to counsel" cases. The historical background of the matter is founded on the classic holding in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. It was there stated that "[a] waiver is ordinarily an intentional relinquishment of a known right or privilege." By this decision the burden was placed upon a defendant to prove that "he did not competently and intelligently waive his constitutional right to assistance of *79 Counsel." This burden applies unless the record establishes the point.
In De Meerleer v. People of State of Michigan, 329 U.S. 663, 67 S.Ct. 596, 91 L.Ed. 584, one of the elements leading to post-conviction relief was a finding that "at no time was assistance of counsel offered or mentioned to * * * the defendant." In Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309, the U.S. Supreme Court placed upon the trial judge the responsibility of informing an accused of his right to counsel as well as the nature of the charges against him. In Moore v. State of Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167, the accused was asked if he had a lawyer or desired one. His answer was in the negative. He was, nevertheless, allowed an adversary hearing and was permitted to prove that he was motivated by fear in rejecting certain federal constitutional rights.
We ourselves have recognized the importance of an express offer of counsel in its relation to the waiver problem. Alford v. Wainwright, Fla., 156 So.2d 1. Alford involved post-conviction habeas corpus. In an adversary hearing our commissioner found that an indigent had requested, and had been refused, counsel at a preliminary hearing. This justified the defendant's conclusion that it would be futile to request counsel at his trial. It was held that the nature of the charges required a full explanation thereof as well as an explanation of the accused's right to counsel "and an offer by the court to appoint counsel, none of which was done." The commissioner found that the accused did, in fact, desire counsel. We approved the commissioner's recommendation that the conviction be set aside and a new trial granted.
In the instant case, Mason claims that he asked the prosecutor to help him obtain the assistance of counsel and was told that he was not entitled to it. Moreover, he alleges that he was told that he had better not ask for it at the trial because he was an ex-convict and such a request could result in a longer jail sentence. At least these are his claims.
We think that there is a strong analogy between Alford and Mason. We conclude that the negative answer to the mere question whether Mason had counsel or desired a lawyer, was insufficient to constitute a waiver as a matter of law. He was, therefore, entitled to an adversary hearing to determine whether in fact he understood that he was entitled to court-appointed counsel, and if so, whether he knowingly waived the privilege, or on the contrary, whether under the circumstances he was misled into believing that by requesting a lawyer he would suffer a more severe penalty. The burden will be on the accused to establish his claim in view of the issue created by the record which we have quoted. Johnson v. Zerbst, supra. Until adequate proofs are offered, we do not hold that Mason is entitled to a new trial. Our holding simply is that he is entitled to a full adversary hearing to enable him to have an opportunity to prove his claim.
With the exception of Mullins v. State, 157 So.2d 701, the First District Court of Appeal has held that an explanation of the right to counsel, plus an offer to appoint one for an indigent, is not necessary to lay the basis for a waiver. Spriggs v. State, Fla.App., 158 So.2d 786; Mankus v. State, Fla.App., 161 So.2d 547; Dykes v. State, Fla.App., 162 So.2d 675; Hale v. State, Fla.App., 162 So.2d 5. This view also has some support in Starks v. United States (4th Cir.), 264 F.2d 797, and McCaffrey v. U.S. (5th Cir.), 328 F.2d 606.
On the other hand, the Second District Court has with equal consistency held that a failure of an accused to request counsel is not of itself a waiver. The court has a duty to inform the accused of his right to have counsel and the availability of a state-supplied lawyer, if he is unable to provide his own. King v. State, Fla.App., 157 So.2d 440; Beadles v. State, Fla.App., 162 So.2d 4; Sams v. *80 State, Fla.App., 163 So.2d 10; Stewart v. State, Fla.App. 163 So.2d 527; Phillips v. State, Fla.App. 164 So.2d 858; Holmes v. State, Fla.App., 165 So.2d 433; Archer v. State, Fla.App., 166 So.2d 163; Carver v. State, Fla.App., 171 So.2d 898. See also the opinion of the Third District Court of Appeal in Furman v. State, 162 So.2d 308. We approve the views on the subject announced by the Courts of Appeal of the Second and Third Districts in the cited cases.
In the instant case, therefore, petitioner is entitled to an adversary hearing on his motion. For the future guidance of the trial judges we again approve the practice recommended by us in Sardinia v. State, Fla., 168 So.2d 674, where we made approving reference to Cutts v. State, 54 Fla. 21, 45 So. 491. When an accused is charged with a felony, and appears in court without a lawyer, he should be advised of his constitutional right to the assistance of one as well as the availability of one to be appointed by the court, if he is not able to provide his own. If he desires counsel and claims indigency, the court should determine whether, in fact, he is indigent. If he is, counsel should be supplied. Of course, if the accused is informed of his rights as above summarized, and then declines the assistance of a lawyer, an intelligent waiver can be said to be the result. King v. State, supra. All of this should be noted in the minutes of the court against a future attack on the judgment.
As we observed in Sardinia, the prescribed procedure will satisfy the requirements of due process. In so doing, both the accused and the public are the beneficiaries. The former obtains a trial according to law. The latter is protected against the possibility of an expensive post-conviction proceeding and retrial. At all events, it is what the law requires and, under our system, it has been said that when the law prevails the people themselves are the victors.
Before concluding, we pause to commend counsel for their lucid and thorough presentation of this matter. Counsel for the petitioner has served him well without compensation and entirely as an accommodation to the accused and the court. The Attorney General's office submitted a most helpful brief which presented forthrightly the divergent views evidenced by the precedents.
The writ is issued. The decision under review is quashed and the cause is remanded to the Court of Appeal, First District, for further proceedings consistent herewith.
It is so ordered.
DREW, C.J., and THOMAS, ROBERTS and O'CONNELL, JJ., concur.