PER CURIAM.
Petitioner is detained under several judgments and sentences entered in 1960 on pleas of guilty to a number of felony charges. He contends that he pleaded guilty without advice of counsel because “he was under the impression that he could only have counsel if he paid for it” and he had no money to engage counsel.
Petitioner has previously filed a motion to vacate the subject judgments and sentences pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, which motion was denied. An appeal of the denial was dismissed by the district court of appeal for procedural reasons. He then filed this petition for writ of habeas corpus.
In his order denying the Criminal Procedure Rule No. 1 motion to vacate, the trial judge found that the defendant was fully advised of all matters necessary to be explained to defendant, including his right to counsel and that petitioner had therefore waived his right to counsel. However, it does not appear that petitioner was advised that he had a right to counsel furnished by the state or appointed by the court.
In our recent opinion in a similar case, Mason v. State, 176 So.2d 76, opinion filed June 9, 1965, we held that the “negative answer to the mere question whether Mason had counsel or desired a lawyer, was insufficient to constitute a waiver as a matter of law.” We then held that Mason was entitled to an adversary hearing on his motion to vacate in order to determine whether he had knowingly waived the right to counsel appointed by the court. We think that the petitioner in this cause is entitled to such an adversary hearing to determine the same issue in this cause. It does not appear that he has been given such a hearing.
We think that such a hearing can be more inexpensively and expeditiously conducted on a motion to vacate under Criminal Procedure Rule No. 1 than by a commissioner appointed by this court on this petition for habeas corpus.
Therefore, the writ of habeas corpus is discharged, but without prejudice to the petitioner’s right again to present the matters contained in his petition to the proper trial *163 court pursuant to Criminal Procedure Rule No. 1.
It is so ordered.
THORNAL, C. J., and ROBERTS, O’CONNELL and ERVIN, JJ., concur.
THOMAS and CALDWELL, JJ., dissent.