JOHNSON, Judge.
This appeal comes to us from a denial by the trial court of petitioner’s motion to vacate or set aside a judgment and conviction pursuant to Criminal Procedure Rule No. 1, F.S.A. Chapter 924 Appendix.
 Petitioner alleges that he was denied his constitutional rights in that he did not have assistance of counsel at his arraignment (at which time he pleaded guilty) or at the time sentence was imposed. In the court minutes a statement is found that the court found the defendant financially *78 able to employ counsel to represent him. The record is silent as to whether the court advised defendant that he was entitled to be represented by counsel hired by him or that, if advised, defendant waived such right. As the Florida Supreme Court has related in Mason v. State, 176 So.2d 76 (Fla.1965) the trial judge, when an accused charged with a felony appears in court without benefit of counsel, should advise the accused of his right of representation by counsel and of his right, if indigent, to court appointed counsel. After being informed of his rights and then declining the assistance of counsel, the accused will be deemed to have made an intelligent waiver of his rights.
In his petition the appellant contends that he was a pauper without funds and was denied counsel by the court. In acting upon the petition the trial court did not deem it necessary for the appellant to appear at the hearing. The order denying the petition recites that the prosecuting attorney was present at the hearing but the order does not make any findings of fact or conclusions of law other than stating that the court minutes show that petitioner was found to have been financially able to employ counsel when he appeared before the court on March 20, 1964. Subsequent to denial of his petition the appellant filed notice of appeal and filed application for appointment of counsel to represent him on appeal. The lower court adjudged appellant insolvent and appointed the Public Defender to assist him with his appeal.
Assuming appellant to have been financially able to employ his own counsel on March 20, 1964, the trial court nevertheless must find that appellant was advised of his right to appear in court with his counsel or that he made an intelligent waiver of said right. If the record is silent as to whether the accused requested counsel or was offered counsel, this silence, standing alone, is not sufficient to create a presumption that the accused waived his fundamental constitutional right. Branch v. State, 162 So.2d 528 (Fla.App.3d, 1964).
This court must, therefore reverse and remand the cause for further proceedings to determine whether this appellant was afforded the constitutional safeguards to which he was entitled.
WIGGINTON, Acting C. J., and STUR-GIS, J., concur.