SCHWARTZ, Chief Judge.
The appellant was convicted of aggravated assault. In making the guidelines computation, the trial court included points under the “legal constraint” category because Taylor was on six-months’ non-reporting probation pursuant to a guilty plea on an earlier trespass charge. He claims that this was improper because the previous plea and conviction were obtained without an effective waiver of counsel. See Crigler v. State, 487 So.2d 420 (Fla. 2d DCA 1986); Pilla v. State, All So.2d 1088 (Fla. 4th DCA 1985); Hayes v. State, 468 So.2d 470 (Fla. 4th DCA 1985). We do not agree. While the colloquy which preceded the trespass plea might be deemed insufficiently detailed to pass muster on direct review, Kimble v. State, 429 So.2d 1369 (Fla. 3d DCA 1983), we find that, since the defendant was specifically offered and specifically declined representation by counsel without charge, see Mason v. State, 176 So.2d 76 (Fla.1965), the subsequent judgment was not totally “void” or “invalid” so as to require denying it the purely collateral effect it was afforded below. See Mason, 176 So.2d at 76; State v. Davis, 203 So.2d 160 (Fla.1967).
Taylor claims also that he was not given proper advance notice of the trial court’s assessment of the eminently modest sum of $250 as the public defender’s fee and lien in the instant proceeding. The order in question, however, provided that, if the defendant indicated his disagreement within thirty days, a full hearing would be held on the matter. Taylor did not do so. On these facts, we can find no deprivation of his rights on this issue.
Affirmed.