PER CURIAM.
In his petition for Writ of Habeas Corpus petitioner alleged that on the date he plead guilty to the two crimes for which he is concurrently serving a sentence of six months to life, and another of twenty years, he was only twenty years of age and was accompanied in court only by his mother. He alleged that he requested that the trial court appoint counsel to represent him and the trial court refused to do so. He alleged that he was insolvent, had completed only the 7th grade, was otherwise uneducated and could read and understand only the simplest written matter.
Because of the fact that we issued the petitioner, we issued the writ of habeas corpus on March 12th, 1963, six days prior to the decision of the United States Supreme Court in Gideon v. Wainwright.
Because of the fact that we issue the writ prior to the decision in the Gideon case and prior to the adoption by this Court of its “Criminal Procedure Rule .#1” on April 1, 1963, 31 F.S.A., we have determined that we should handle this cause here under the procedure which we followed prior to adoption of said Criminal Procedure Rule #1.
In his return the respondent states that he is without knowledge of petitioner’s educational level or his indigency, but denies that petitioner requested and was denied court appointed counsel. A copy of the trial court minutes attached to the return contains no reference to any request for or denial of appointment of counsel. Likewise it shows no waiver of the right to counsel by petitioner.
In his traverse to the return petitioner reaffirms that he was indigent, that he requested and that he was denied court appointed counsel.
The decisions of the Supreme Court of the United States, in Carnley v. Cochran, 1962, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 and Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, require that in criminal prosecutions counsel must be provided for defendants unable to employ counsel unless the right to counsel is competently and intelligently waived or as stated in Carnley v. Cochran, supra, is “intelligently and understandingly waived.”
These decisions and the issues of fact require that we refer this matter to a circuit judge as a commissioner of this Court to make findings and recommendations to us on the question of: (1) Whether petitioner at the time of entry of his pleas of guilty was or was not able to employ counsel; (2) Whether petitioner requested and was refused counsel, and (3) Whether petitioner intelligently and understandingly waived the right to counsel.
*819 Accordingly we hereby refer this matter to Honorable Ernest E. Mason, one of the Judges of the Circuit Court, First Judicial Circuit, to take such testimony and receive such evidence as he shall deem necessary, make findings and recommendations on the issues discussed in the preceding paragraph and thereafter make his report to this Court with all convenient speed.
It is so. ordered.
ROBERTS, C. J., and DREW, THOR-NAL, O’CONNELL and CALDWELL, JJ., concur.