O’CONNELL, Justice.
As a result of a petition for habeas corpus filed in this Court by John Tildón Alford we appointed Honorable Ernest E. Mason, one of the Judges of the Circuit Court, First Judicial Circuit, to receive evidence and make recommendations to this Court on the following issues:
1. Whether petitioner at the time of entry of his pleas of guilty was able to employ counsel;
2. Whether petitioner requested and was refused counsel; and
3. Whether petitioner intelligently and understanding^ waived the right to counsel.
Acting promptly and with due care the Commissioner appointed R. H. Merritt, Esquire, to the Pensacola Bar, to represent petitioner in the hearing held by the Commissioner pursuant to our order. Mr. Merritt performed this appointment without compensation. Mr. Merritt’s actions are in keeping with the highest traditions of the legal profession. We offer our commendation to him.
We also express our appreciation to the Commissioner for the splendid service he has rendered this Court in this matter.
*2 In his report the Commissioner answered the questions we posed as follows:
1. That at the time of entry of the pleas of guilty, pursuant to which he was judged guilty and is now incarcerated, the petitioner was not financially able to employ counsel.
2. That petitioner did not request the appointment of counsel of the trial court and was therefore not refused counsel by that court.
3. That petitioner did not intelligently and understanding^ waive the right to counsel.
On the issue of waiver of right to counsel the Commissioner found that at a preliminary hearing, held in a justice of the peace court on one or more of the charges here involved, the petitioner had requested and been refused appointment of counsel and that because of his low intelligence level this justified petitioner in concluding that it would be futile to request counsel be appointed for him by the trial court. The Commissioner further found that the nature of the charges required a full explanation thereof by the trial court, explanation by that court of petitioner’s right to counsel and an offer by the court to appoint counsel, none of which was done. The Commissioner further found that the petitioner did in fact desire appointment of counsel at all times.
After reciting the above, and other findings, the Commissioner recommended that the judgments of conviction and sentences entered thereon be vacated and petitioner be remanded for new trial on the charges which led to such convictions.
The decisions of the United States Supreme Court in Carnley v. Cochran, 1962, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70, and Gideon v. Wainwright, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, compel that we accept the recommendations of the Commissioner and require that the judgments and sentences under which the petitioner is held be vacated, and the petitioner be remanded for another trial on the charges which led to his detention.
It is so ordered.
DREW, C. J., and ROBERTS, THORN-AL and CALDWELL, JJ., concur.