157 So.2d 440 (1963)
WILLIAM CARLTON KING, JR., APPELLANT,
v.
STATE OF FLORIDA, APPELLEE.
No. 4109.
District Court of Appeal of Florida, Second District.
November 8, 1963.
*442 William Carlton King, Jr., in pro. per.
Richard W. Ervin, Atty. Gen., Tallahassee, and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
SMITH, Chief Judge.
The appellant appeals from an order denying relief prayed for under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. We reverse.
An information was filed by the State of Florida against William Carlton King, Jr., charging him with grand larceny. The defendant appeared before the court for arraignment "in his own and proper person." A record of the proceedings was made by the court reporter from which it appears that in response to questions of the Assistant State Attorney the defendant identified himself and stated that he was 24 years of age. The Assistant State Attorney then read the information to the defendant and asked how he pleaded, to which the defendant responded: "I plead guilty." In response to subsequent questioning, the defendant stated that no one had threatened him or promised him anything to get him to plead guilty, and that he understood that he could receive a trial if he wanted one. The court then ordered a pre-sentence investigation. Thereafter, the defendant came in person before the court, whereupon he was adjudged guilty and sentenced to imprisonment in the state penitentiary for a term of from six months to three years.
About one year later, the defendant filed a motion, under oath, for relief pursuant to Criminal Procedure Rule No. 1, contending that at the time he pleaded guilty and when sentenced he was insolvent and unable to obtain an attorney in his behalf. He further alleged that he did not have the assistance of counsel; that he was not offered the assistance of counsel; that he was not informed of his right to counsel as guaranteed by the Constitution of the United States; and that therefore he had been denied his constitutional rights. He moved the court to vacate and set aside the judgment and sentence and discharge him from custody or grant him a new trial. The court entered the following order, denying defendant's motion for relief:
"The above entitled matter having come on for hearing this date on Motion filed by the defendant, claiming infringement of his rights under the Federal and/or State Constitutions and consequent illegal imprisonment and the Court having duly considered the Motion, after examining the files and records of this cause, and it appearing unto the Court that the defendant *443 is legally imprisoned, it is, therefore,
"ORDERED and ADJUDGED that the defendant's Motion for relief is herein and hereby denied."
Thereafter, the defendant filed his oath of insolvency, and the court entered an order adjudging the defendant to be insolvent. After the notice of appeal was filed, this court sua sponte entered an order directing the trial court to appoint counsel to represent defendant-appellant on this appeal. The defendant-appellant immediately filed a "Petition for Rehearing and Motion to Vacate the Order Directing Appointment of Counsel," upon the ground that, since the record in this cause was complete, and appellant's brief had already been filed and the date for the filing of the appellee's brief would arrive the day following entry of the order, under the circumstances no useful purpose would be served by the appointment of counsel, and it would merely delay final consideration of the appeal. This court then examined the record and the appellant's brief and determined that the appellant had competently and intelligently waived his constitutional right to representation by counsel on this appeal. For the foregoing reasons, the appellant appears here in person without counsel.
In Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1962), the United States Supreme Court determined that it should recede from its precedents and recognize now that, in our adversary system of criminal justice, any person haled into court[1] who is too poor to hire a lawyer cannot be assured a fair trial unless counsel is provided for him. It is clear from a reading of the facts recited in the Gideon decision that the defendant appeared in the trial court without a lawyer and without funds to obtain one, and that his request that the court appoint counsel for him was denied. Nevertheless, it is apparent from other decisions of that Court that an insolvent defendant need not ask the court to appoint counsel for him. E.g., Rice v. Olson, 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1367 (1945); Uveges v. Pennsylvania, 335 U.S. 437, 69 S.Ct. 184, 93 L.Ed. 127 (1948); Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962). The Florida Supreme Court has held to the same effect. See Alford v. Wainwright, Fla. 1963, 156 So.2d 1. In each instance where an accused appears in court without a lawyer, the court should advise him of his constitutional right to the assistance of counsel and determine whether or not he is able to employ a lawyer to represent him. If the accused is unable to employ a lawyer, then the court must offer to appoint counsel to represent the accused. Of course, the accused may reject the offer, thereby waiving his constitutional right to the assistance of counsel. However, this waiver must be intelligently and understandingly made. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Carter v. People of State of Illinois, 329 U.S. 173, 67 S.Ct. 216, 91 L.Ed. 172 (1946); and see Annotation, 93 L.Ed. 137, § 3 at 140-142. Whether there has been an understanding, intelligent, competent and voluntary waiver depends in each case upon the particular facts and circumstances surrounding that case. Johnson v. Zerbst, supra, and Rice v. Olson, supra. In any event, when an indigent accused appears in court without *444 a lawyer, the court must either appoint counsel for the defendant or determine that there has been a competent and intelligent waiver of the constitutional right to counsel before the court has authority to proceed.
Of course, the defendant who, without counsel, enters a plea of guilty or acquiesces in a trial resulting in his conviction, and later makes a collateral attack upon that judgment, faces a presumption that such judgment was regular. Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948). In a right-to-counsel case, the burden rests upon the defendant in his collateral attack upon the judgment to rebut this presumption by first alleging and then proving by a preponderance of the evidence (1) that he was not represented by counsel; (2) that he was financially unable to employ counsel; and (3) that he did not competently and intelligently waive his right to counsel. In regard to this latter point, upon a motion so alleging, if the record shows that the court neither advised defendant of his constitutional right to counsel nor offered to appoint counsel, and the return of the prosecuting attorney of the court makes no allegations of fact to the effect that the defendant was aware of his constitutional right to counsel and was offered counsel, there is no need to determine the question of competent and intelligent waiver, for a waiver "is ordinarily an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, supra, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023. The fact that the record is silent as to whether or not a defendant requested counsel, or whether or not a defendant was offered counsel, does not create a presumption that the defendant waived his constitutional right to counsel. "Presuming waiver from a silent record is impermissible." Carnley v. Cochran, supra, 369 U.S. 506, 516, 82 S.Ct. 884, 890. As we have noted above, a request for counsel is not necessary; and a failure to request counsel does not constitute a waiver of the right. On the other hand, if the record shows or if there is evidence which shows that the court offered counsel to defendant, then the burden rests upon the defendant to allege and prove that he did not intelligently and understandingly reject such offer. Where the facts are in dispute, a hearing must be held. Rice v. Olson, supra. Where there are substantial issues of fact as to events in which the prisoner participated, the trial court should require his production for a hearing. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232.
Subsequent to the Gideon decision, the Florida Supreme Court promulgated Criminal Procedure Rule No. 1, "to provide a complete and efficacious post-conviction remedy to correct convictions on any grounds which subject them to collateral attack." Roy v. Wainwright, Fla. 1963, 151 So.2d 825, 828. In the cited decision, the Supreme Court outlined the basic requirements as to the form of motions for relief under Rule No. 1. If the motion for relief is insufficient either as to form or substance, then it may be disposed of by the court without the presence of the defendant and without a hearing. However, as the Rule itself states:
"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the prosecuting attorney of the court, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." (Emphasis added.)
The fact that the record here shows that this defendant was informed of his right to a trial, and that he was offered a trial but elected instead to plead guilty, does not justify denial of the motion, and particularly so where, as here, the denial was without a hearing. Such a denial has the effect of saying that the motion and the files and records of the case conclusively *445 show that the prisoner is entitled to no relief. Prejudice is presumed to have resulted upon a plea of guilty without benefit of counsel to the same extent as if the defendant had been tried without benefit of counsel.[2] The trial court erred in failing to cause notice of the motion to be served upon the State Attorney, in failing to grant a prompt hearing thereon, in failing to determine the issues, and in failing to make findings of fact and conclusions of law. The failure of the trial court to follow the procedure prescribed in the Rule requires our reversal of the order denying the relief sought by the prisoner, with directions for further proceedings in compliance with Criminal Procedure Rule No. 1 and this decision.
Reversed with directions.
KANNER and ALLEN, JJ., concur.
NOTES
[1] The phrase "any person haled into court" is derived from the opinion (by Mr. Justice Black) of the United States Supreme Court in the Gideon case. 372 U.S. 335, 83 S.Ct. 792, at 796, 9 L.Ed.2d 799, at 805. Because this broad and flexible language may lead to some confusion as to the scope of the rule announced in Gideon, we wish to point out that in the case at bar no determination is made of the question as to whether the constitutional right to the assistance of counsel extends to persons charged with any crime  felony or misdemeanor. Our paraphrasing of the Gideon opinion throughout the opinion of this court should not be taken as pronouncements of law on that question. Such question is not before this court.
[2] Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961); Moore v. Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167 (1957). In Twining v. United States, 5 Cir.1963, 321 F.2d 432, the Fifth Circuit Court of Appeals, in affirming an order denying a motion for post-conviction relief, reviewed the federal decisions on the subject of a defendant's waiver of the right to counsel upon a plea of guilty entered without benefit of counsel.

From the records of the proceedings in those right-to-counsel cases which accompanied the Gideon case to the United States Supreme Court and were remanded for reconsideration in the light of Gideon, and from the records in subsequent per curiam decisions of that Court, it appears that the Gideon decision must be retro-actively applied. La Forge v. Wainwright, 372 U.S. 774, 83 S.Ct. 1103, 10 L.Ed.2d 137 and Rice v. Wainwright, 372 U.S. 766, 83 S.Ct. 1104, 10 L.Ed.2d 137; Hatten v. Wainwright, 372 U.S. 766, 83 S.Ct. 1104, 10 L.Ed.2d 138, and Haynes v. Florida, 372 U.S. 770, 83 S.Ct. 1104, 10 L.Ed.2d 138; Tull v. Wainwright, 372 U.S. 778, 83 S.Ct. 1105, 10 L.Ed.2d 139; Douglas v. Wainwright, 372 U.S. 779, 83 S.Ct. 1106, 10 L.Ed.2d 139 and Hartsfield v. Wainwright, 372 U.S. 782, 83 S.Ct. 1106, 10 L.Ed.2d 139; Watt v. Wainwright, 372 U.S. 769, 83 S.Ct. 1107, 10 L.Ed.2d 140 and Arnold v. Director, Florida Division of Corrections, 372 U.S. 769, 83 S.Ct. 1107, 10 L.Ed.2d 140; Peterson v. Wainwright, 374 U.S. 108, 83 S.Ct. 1689, 10 L.Ed.2d 1028; Laughner v. Wainwright, 374 U.S. 489, 83 S.Ct. 1879, 10 L.Ed.2d 1045; Herb v. Wainwright, 374 U.S. 505, 83 S.Ct. 1880, 10 L.Ed.2d 1046; Holmes v. Wainwright, 374 U.S. 506, 83 S.Ct. 1881, 10 L.Ed.2d 1046; Palmer v. Wainwright, 374 U.S. 507, 83 S.Ct. 1881, 10 L.Ed.2d 1046 and Baxley v. Wainwright, 374 U.S. 508, 83 S.Ct. 1882, 10 L.Ed.2d 1046; Bryant v. Wainwright, 374 U.S. 492, 83 S.Ct. 1884, 10 L.Ed.2d 1047 and Auflick v. Wainwright, 374 U.S. 494, 83 S.Ct. 1887, 10 L.Ed.2d 1047; Kovner v. Wainwright, 374 U.S. 492, 83 S.Ct. 1891, 10 L.Ed.2d 1048; and Buffington v. Wainwright, 373 U.S. 543, 83 S.Ct. 1540, 10 L.Ed.2d 688. And see in particular the decision in Pickelsimer v. Wainwright, 375 U.S. ___, 84 S.Ct. 80, 11 L.Ed.2d 41 (1963), wherein the dissents of Justice Harlan points out that the majority has held in effect that the Gideon decision invalidates convictions entered prior to the time it was rendered. See also the decision of the Florida courts in Roy v. Wainwright, supra; Peterson v. Wainwright, Fla. 1963, 155 So.2d 542; Alford v. Wainwright, Fla. 1963, 153 So.2d 817; 156 So.2d 1; Savage v. State, Fla.App. 1963, 156 So.2d 566; Mitchell v. Wainwright, Fla. 1963, 155 So.2d 868.