158 So.2d 771 (1963)
Arthur V. SAMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4093.
District Court of Appeal of Florida. Second District.
December 20, 1963.
*772 Joseph G. Spicola, Jr., Public Defender, Marcus A. Wilkinson, III, Asst. Public Defender, Tampa, for appellant.
Richard W. Ervin, Atty. Gen., Tallahassee, and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
ALLEN, Acting Chief Judge.
Appellant, convicted upon a plea of guilty to the abominable and detestable crime against nature, was sentenced to five years' imprisonment in February of 1963. On April 17, 1963, appellant, invoking Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, moved to vacate and set aside the sentence. Five days later the motion was denied and this appeal ensued.
The record of the original criminal proceedings reveals that pursuant to an information *773 filed on November 16, 1962, the appellant, appearing in his own and proper person, was arraigned and pleaded not guilty on November 19, 1962. On January 7, 1963, appellant, again appearing in proper person, withdrew his earlier plea and entered a plea of guilty. On February 4, 1963, appellant was adjudged guilty and sentenced.
As aforesaid, on April 17, 1963, the appellant moved to vacate the sentence alleging that at the time of his conviction he was indigent without funds to retain counsel; that the lower court refused to appoint counsel and that he was therefore forced to enter a plea without the assistance of counsel.
On April 22, 1963, the lower court entered an order denying the motion, which ordered recited:
"The above entitled matter having come on for hearing this date on Motion filed by the defendant, claiming infringement of his rights under the Federal and/or State Constitutions and consequent illegal imprisonment and the Court having duly considered the Motion, after examining the files and records of this cause, and it appearing unto the Court that the defendant is legally imprisoned, it is therefore,
"ORDERED and ADJUDGED that the defendant's Motion for relief is herein and hereby denied."
The single issue presented by this appeal is whether, under the aforementioned circumstances, the lower court erred in summarily denying appellant's motion.
The authority for summary disposition of motions under Criminal Procedure Rule No. 1 is found in the provisions of the Rule that:
"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the prosecuting attorney of the court, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. * * *"
Accordingly, if, upon examination of the motion, it is found defective in form or substance and insufficient to state a prima facie case entitling the prisoner to relief, summary disposition is proper. Savage v. State, Fla.App. 1963, 156 So.2d 566; King v. State, Fla.App. 1963, 157 So.2d 440. Similarly, if upon examination, the motion is sufficient but the "files and records in the case" conclusively refute the allegations or otherwise conclusively preclude relief, summary denial is proper. Absent one of these requisites, summary denial is improper and the provisions of the Rule for notice, hearing and determination of the issue must be followed. King v. State, Fla.App. 1963, 157 So.2d 440; Crosby v. State, Fla.App. 1963, 157 So.2d 867.
In the instant case there is no suggestion that the files and record preclude relief. The record on appeal contains a letter from which the State draws the implication that appellant was represented by counsel, but the letter was filed below after appellant's motion and is not part of the "files and record," contemplated by the Rule's provision for summary disposition. While a return, ex parte affidavit or document submitted in opposition to a Rule 1 motion can serve to create an issue of fact, it cannot, at this initial juncture, be relied upon as determinative of a factual issue. To permit consideration of extra-record documents would be, in effect, to permit a hearing without all of the attendant requisites of such hearing. See United States v. Salerno, 290 F.2d 105, (2d Cir.1961); Jones v. Cunningham, 313 F.2d 347, (4 Cir.1963). Aside from sustaining appellant's contention that he was not represented by counsel, the record is silent as to the factor of *774 insolvency and the requisites of a waiver of the right to counsel. See King v. State, Fla.App. 1963, 157 So.2d 440. Thus the order denying appellant's motion must be predicated on the insufficiency of the motion.
A cursory examination of the numerous allegations in the motion reveals that many are merely conclusions of the movant unsupported by factual allegations and are, accordingly insufficient and improper. The circumstances under which these motions may be drawn have prompted liberal treatment and "broad latitude in compliance with requirements as to form and detail," but factual allegations in support of any basis for relief advanced are necessary. Roy v. Wainwright, Fla. 1963, 151 So.2d 825. Webster v. State, Fla.App. 1963, 156 So.2d 890. A motion advancing mere conclusions as grounds for relief may be properly dismissed. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). However, as indicated earlier, there were certain affirmative allegations of fact with respect to indigency and representation by counsel.
Examining these allegations in light of the requirements enunciated in the King case, supra, it is clear that the significant deficiency is in the absence of an express allegation that the appellant had not waived the right to counsel. The State insists that the motion is insufficient in that it does not expressly negative the possibility of waiver. Although we agree that such express allegation would normally be necessary, and though we find the allegations of the motion barely meet the requirements of factual allegation, compare Mullins v. State, Fla.App. 1963, 157 So.2d 701, we are constrained, in light of the liberal treatment accorded matters of this kind in the past, to find that the mixed factual and conclusional allegations sufficiently negative the State's suggestion of waiver and are sufficient as affirmative allegations of non-waiver. Accordingly, the allegations of the motion are sufficient to withstand summary disposition and the lower court erred in making such disposition.
In view of this conclusion and the necessity of remanding the cause, it is appropriate to note that the appellant had not sworn to the truth of his allegations. Although a sworn motion is not an absolute necessity as a predicate for the assumption and exercise of the trial court's jurisdiction, Ashley v. State, Fla.App. 1963, 158 So.2d 530, sworn affirmations of fact are necessary as possible predicates for relief upon hearing. Accordingly, upon remand of the cause, it would be appropriate for the trial court to permit appellant to amend his motion, with respect to both substance and form, in such manner as he may deem advisable under the terms of our decision herein. Cf. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).
The order of the lower court is reversed and the cause remanded for proceedings consistent with the foregoing.
WHITE, J., and BARKDULL, THOMAS H., Jr., Associate Judge, concur.