STURGIS, Chief Judge.
Appellant brings this appeal from an order denying his motion, under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, to vacate a judgment of conviction and sentence imposed thereon. The record reveals that on November 30,1962, appellant was informed against for forgery and uttering a forgery. The minutes of court indicate that appellant, being present in court without counsel, plead guilty to the charge of forgery and was sentenced to serve a term of five years in the state prison.
Appellant’s motion alleges, inter alia, that he “was not represented nor advised by counsel -at any stage of the proceedings.” The state filed an unverified answer thereto alleging, in substance, that appellant was fully .advised of the charges against him and as a result of a conference with the State Attorney fully understood the same; that appellant advised the State Attorney that he intended to tender a plea of guilty and did not need an attorney to represent him in the matter. The state’s answer further alleged that appellant was asked in open court whether or not he understood the charges against him and informed that he would be asked to plead guilty or not guilty to the same, and that in the event of the latter plea he would be entitled to have a lawyer represent him;
*760 The record is silent as to whether or not appellant requested or was offered counsel in the trial court. In King v. State, 157 So.2d 440 (Fla.), the Second District Court of Appeal, speaking through Judge Smith, stated that “In each instance where an accused appears in court without a lawyer, the court should advise him of his constitutional right to the assistance of counsel and determine whether or not he is able to employ a lawyer to represent him.” As noted, in the instant case the court failed to advise appellant of his constitutional rights in the premises.
We next examine whether appellant waived his right to counsel as he may do under proper circumstances. There is no affirmative showing of waiver in the record, and the presumption of waiver cannot arise from a record that is silent in that particular. Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70. The failure of appellant to request counsel does not constitute a waiver of the right. King v. State, supra.
The lower court’s order denying appellant’s motion to vacate relies solely on the content of said motion and the state’s answer thereto. The latter was accepted as prevailing proof of the facts therein stated. This answer, standing alone, cannot be elevated to the status of evidence upon which the court could make a determination of the issues.
In view of the silent record and the non-evidentiary status of the state’s answer, the effect of the order appealed is to hold that a bare plea of guilty as reflected by the minutes of court constitutes a waiver of the right to counsel and discharges the duty of the trial court to further inquire as to whether a competent waiver occurred. This is contrary to the accepted principles governing this state of facts. See Dortch v. State, Fla.App., 165 So.2d 409 (1964). Prejudice is presumed to have resulted upon a plea of guilty without benefit of counsel to the same extent as if the defendant had been tried without benefit of counsel. King v. State, supra.
The trial court has failed to conduct a “hearing” as contemplated by Criminal' Procedure Rule No. 1 to determine the issue raised by appellant’s motion thereunder. The order appealed is reversed and this-cause is remanded for further proceedings consistent herewith and as provided by the-rule.
Reversed.
WIGGINTON and CARROLL, DONALD, K., JJ., concur.