PER CURIAM.
This is an appeal from the denial of a post conviction motion under Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix.
The appellant was charged, tried and convicted of the crime of manslaughter on two informations and sentenced to a term of twenty years in the state penitentiary on each of the two informations, the terms to run concurrently. The appellant’s sole contention here is that he was denied the right of counsel at his trial.
The transcript of record before this court indicates that the appellant was called to trial on March 3, 1960, at which time he was not represented by counsel but apparently had been attempting to obtain counsel. An attorney who had been contacted by the appellant was in court, but after a conference with the appellant, declined to represent him. The court offered to appoint counsel if the appellant would sign an affidavit of insolvency. When this was rejected, the attorney who was then in court indicated that he would go back to his office and call the appellant’s employer who, it appears, was attempting to obtain counsel for appellant. Nevertheless, the court felt that the cause should be tried and proceeded to have the appellant plead to the informations, consolidated the two cases, and tried them before a jury who found the appellant guilty. The order denying appellant’s petition for post conviction relief simply found (1) that the motion was not well founded in law or in fact; (2) that the appellant had consulted a competent attorney but could not agree with the attorney; and (3) that the court had offered to appoint counsel but appellant had intelligently declined the services of same. No testimony was taken at the hearing on the motion.
The record does not disclose that the appellant intelligently or otherwise waived his right to counsel. Silence has been considered not to constitute the waiver of right to counsel and under the authority of King v. State, Fla.App. 1963, 157 So.2d 440, the court is required, when an indigent appears without counsel, to either appoint one for him or determine that there has been a competent and intelligent waiver of the right to counsel before the court can proceed with the trial. This does not appear to have been done from the record before us; consequently in its absence, a reversal of the order appealed is required.
Accordingly, the order appealed is reversed.