KANNER, Judge (Ret.).
Appellants, Richard Perez and Billy Ro-que, along with one Edgar Howard Gonzalez, entered pleas of not guilty to an information charging them with a felony, the crime of robbery. The jury found them guilty, and the court sentenced Perez and Roque to ten years each in the Florida State Penitentiary. This is a direct appeal timely brought by these two from the judgment of conviction and sentence. Each was adjudged insolvent for purposes of the appeal, and the court taxed the cost of it against the county.
Included by Perez and Roque in their assignments of error is failure of the trial judge to advise them of their right to counsel and his allowing of them to go to trial without aid of counsel when there had been no intelligent waiver of this right. We shall confine our consideration to this *314 ground because it requires reversal for new trial.
The transcript of the trial proceedings - appears to be complete, commencing with the filing of the information. Indisputably, the two appellants were not represented by counsel. The record fails to reveal that the trial judge advised appellants of their right to the assistance of an attorney or that he made inquiry whether they were able to employ one. Neither does it appear that appellants were offered or that they made any request for such aid or that there was waiver of counsel by them.
In this connection, the state attorney requested, as one of the State’s directions to the clerk, inclusion in the appeal record of any conversation and warning of defendants by the trial judge with respect to obtaining of counsel prior to trial1. Pursuant to this direction, the clerk included in the record a certificate of the official court reporter which reads as follows: ' '
“I, Virginia Toffaletti, Official Court Reporter for the Criminal Court of Record in and for Hillsborough County, Florida, do hereby certify that there is no shorthand record in my possession of any conversation and warning of the defendants relating to the obtaining of counsel, prior to trial, in the case of the State of Florida v. Richard Perez and Billy Roque, Case No. 57837; and if the proceedings had been reported, same would have been done by me or my Deputy Court Reporter, Betty J. Cooper.
“I do further certify that all official shorthand records of proceedings in the Criminal Court of Record are kept in my possession.”
Thus, that which is shown ás a result of the above mentioned direction of the State to the clerk serves to buttress, in an otherwise silent record, appellants’ contention that the trial judge did not apprise them of their right to have the benefit of legal representation.
This court said in the case of King v. State, Fla.App.1963, 157 So.2d 440, 443:
“In each instance where an accused appears in court without a lawyer, the court should advise him of his constitutional right to the assistance’ of counsel and determine whether or not he is able to employ a lawyer to represent him. If the accused is unable to employ a lawyer, then the court must offer to appoint-counsel to represent the accused. Of'course, the accused may reject the offer, thereby waiving his constitutional right to the assistance of counsel. However, this waiver must be intelligently and understandingly made.”
This statement is predicated upon a number of cited decisions of the Supreme Court of the United States. Although enunciated in a Criminal Procedure Rule No. 1 case, it clearly expresses the obligation imposed upon a judge when an accused appears in a state criminal court without counsel. This constitutional right of an accused invokes protection of the court and does1 not depend upon a request for legal assistance by a,-defendant.
Presuming, waiver of ■ right to counsel where-the-, record js silent is impermissible; rather, courts ’indulge every reasonable presumption -against ; waiver of fundamental constitutional, rights,, and do-not presume acquiescence in their loss. Carnley v. Cochran, 1962, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70.
Since it does not affirmatively appear that appellants were apprised of their right to assistance of counsel nor that there-had been an intelligent and understanding-waiver of that right, the judgment and' sentence imposed against each must be reversed for new trial.
Reversed and remanded.
ALLEN, Acting C. J., and DOWNEY,. JAMES C., Associate Judge, concur.