WHITE, Judge.
George Edward Ratcliff appeals an order denying his petition for post conviction relief under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. The petition alleged inter alia that the petitioner was adjudged guilty and sentenced without counsel ; that he was then a pauper, and that his request for counsel was denied.
The public defender was appointed to represent the petitioner who was produced as a witness in his own behalf. At the conclusion of the hearing the court denied the petition:
“This cause came on to be heard on motion of the defendant, GEORGE EDWARD RATCLIFF, to vacate and set aside the judgment and sentence entered herein on Count 2 of the information filed in Case No. 62-7981 wherein the defendant was adjudged to be guilty *182 of grand larceny and sentenced to the Division of Correction for a period of 6 months to 3 years. The defendant denies that he was advised of his right to counsel and defendant’s testimony is not worthy of belief and the record affirmatively shows that the defendant was advised of his right to counsel and that the Court entered an order on November 23, 1962 appointing the Honorable Joseph Tomberg to represent the defendant in this cause and that the defendant came before the Court on December 12, 1962 without counsel and asked to change his plea from not guilty of Count 2 and the State nolle prose-quied Count 1. At this time the record affirmatively shows that the defendants were advised of their right to counsel and knowingly and understanding^ waived their right to counsel in open Court and the Court accepted the plea of the defendant to Count 2 charging the defendant with grand larceny.”
The record discloses that the petitioner was informed against on IS November 1962 for breaking and entering and grand larceny. On 16 November 1962 he pleaded not guilty to the charges and after being advised as to his right to court appointed counsel, “paupers papers” were signed and the court entered an order appointing Joseph Tom-berg to represent the defendant. Said counsel did not appear in any of the proceedings. The petitioner testified that attorney Tom-berg neither contacted nor counseled him at any time and that he, the petitioner, wrote to the solicitor informing that office of the fact; that, in effect, being forced to defend himself contrary to his wishes, the petitioner made the best deal he could with his limited knowledge of the law. He agreed to plead guilty to count two if the State would nolle prosse count one.
The minutes of court do not explain why counsel did not appear at the arraignment on 12 December 1962 and the record fails to establish whether counsel was ever informed of his appointment. The minutes of said date merely state:

"Defendants present without counsel-

“At this time, with leave of Court the-Defendants withdrew their previous-plea of Not Guilty and entered a plea of’ Guilty as to Count Two.
“Nolle Prosequi entered by the State as to Count One.
“Plea accepted by the Court as to-each Defendant.
"Upon being advised of their right to-Counsel, each Defendant knowingly- and understandingly waived his right to-counsel in Open Court.
“Defendant Ratcliff adjudged Guilty of Count Two.” (emphasis added)
The petitioner denies having waived his' right to counsel either before or after the November 16th appointment of Joseph Tom-berg and, as noted, the record fails to disclose whether counsel had even been notified of said appointment. From the record it is-certain that the petitioner was not represented when he entered his guilty plea and' that he did not waive counsel before the-plea was entered. The minutes indicate that after the plea was accepted the defendant waived his right to counsel. The petitioner-charges that the statement is a conclusion of the clerk, and he emphasizes that the-minutes do not disclose any statement or circumstance upon which the asserted conclusion is based.
It is true that there is a rebuttable-presumption that the judgment was regular and that the record speaks the truth; and' the petitioner has a heavy burden of overcoming this presumption. Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309; King v. State, Fla.App.1963, 157 So.2d 440, 444. The state of this record leaves much to be desired. There is nothing to show why appointed counsel failed to-contact the petitioner. The State did not offer any testimony or any exhibits or affidavits to counter the petitioner’s testimony.
*183 On the peculiar facts of the case •we think the petitioner made a prima facie showing that he did not knowingly and intelligently waive his right to counsel and that the burden shifted to the State to show that the petitioner was in fact contacted or ■counseled by the attorney appointed for that purpose prior to the critical arraignment or that the defendant did in fact intelligently ■waive such right with full realization of the ■consequences before entering his guilty plea. If such cannot be shown, the petitioner is •entitled to appropriate post conviction relief.
Reversed and remanded for further proceedings not inconsistent with this opinion.
SHANNON, J., concurs.
.'SMITH, C. J., dissents.