STURGIS, Chief Judge.
The trial court denied appellant’s motion under Criminal Procedure Rule No. 1, F.S. A. ch. 924 Appendix to vacate a judgment of conviction. The record on appeal consists of the following: (1) The motion, which was based on the ground that when tried movant was an indigent, that he was-without counsel, and that the trial court failed to appoint counsel for him. (2) The unverified answer of the county solicitor in which it is affirmatively alleged that appellant was represented at the trial by one Claude Smith, Esq., but that the record does not reveal whether said attorney was retained by the appellant or appointed by the court. Attached to the answer but not made a part thereof by reference is an unverified document dated May 13, 1963,. reading as follows:
“Jacksonville, Florida May 13, 1963
“IN RE: No 29216 ERNEST RICHARDSON, Second Degree Murder, Application to Vacate Judgment and Set Aside Sebtebce [sic].
Alias Brother-in-law Richardson; (Randolph Swindler) deceased. Both Black Males. Shooting occurred March 20, 1942. Ernest Richardson was not apprehended until July or August 1943-following. Honorable Mabry A. Carlton, (now deceased) sitting in Judge Bryan Simpson’s absence on military leave of absence. Harry H. Martin, (now deceased) Prosecuting for the State of Florida. Claude Smith, Esquire, Attroney [sic] for Defendant. *766 Notes show no notation that Attorney for Defendant was appointed by the Court. Harry Pride, Foreman of the Jury. After hearing testimony and charge of the Court and after deliberation Richardson was found guilty of second degree murder by a Jury of Six. Sentenced December 3, 1943 to serve 30 yeard in the Florida State Prison at Raiford. No appeal taken.
Since then Richardson has communicated with me three times relative to a transcript to use before the Pardon Board, But each time he wanted an insolvency order to which he was not entitled, and I referred him to Mr. Claud[e] Smith for advice.
[Signed] Sylvia B. Barnett Sylvia B. Barnett, Official Shorthand Reporter, Criminal Court of Record, Du-val County, Florida.”
This apparently constitutes the shorthand notes referred to in the answer, but it is apparent that the above document is not an official transcript of anything. The material fact of whether movant was or was not denied representation by counsel is, of course, the paramount issue which must be decided by positive evidence.
 The order denying the motion to vacate contains a finding that the defendant-appellant was represented by competent counsel and is legally imprisoned. It recites that the findings are based upon the ■court’s consideration of the motion and ■examination of the files and records of the cause. It may be that the purported reporter’s notes constitute a part of the record but if so, the document is not authenticated as being a part of the trial record and in the aspect here appearing has no evidentiary value. The remainder of the record on appeal consists of the appeal papers proper and there is no indication that any testimony was taken on the issue presented by the motion to vacate and answer thereto. The pleadings here are not unlike the situation presented in Murphy v. State, 166 So.2d 759 (Fla.App.1964), in which we held that it was error for the trial court to rely exclusively on the state’s unverified answer to the motion, saying: “This answer, standing alone, cannot be elevated to the status of evidence upon which the court could make a determination of the issues.”
The trial court having failed to conduct a “hearing” as contemplated by Criminal Procedure Rule No. 1, the order appealed is reversed and this cause is remanded for further proceedings consistent herewith and as provided by the rule.
WIGGINTON and CARROLL, DONALD K., JJ., concur.