SWANN, Judge.
The appellant was charged with grand larceny and two counts of uttering worthless checks for over Fifty Dollars. He entered a plea of guilty on all charges, was adjudicated guilty, and sentenced to three years in the State Penitentiary for grand larceny. Sentence was suspended on the charges of uttering worthless checks.
Appellant was not represented by counsel at any stage of the proceedings. Prior to entering the plea of guilty, the trial court advised the defendant that he was entitled to counsel if he so desired. Defendant stated that he did not want counsel to represent him. This is reflected by the minutes of the clerk in the trial court, inasmuch as there was no transcript of the hearing brought to this court.
The trial court denied appellant’s Motion to Vacate Judgment and Sentence pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. This denial of relief is now before us on the grounds that he was not represented by counsel and was never advised of his right to “state appointed counsel” at no cost to himself.
The appellee contends that it was sufficient that the right to counsel was offered by the trial judge and that the words “state appointed counsel” did not have to be included in the offer.
The Florida Supreme Court, in Sardinia v. State, Fla.1964, 168 So.2d 674, has sug *216 gested the procedure to be followed by the trial courts of Florida at felony arraignments, in order that an accused might competently and intelligently waive his right to counsel. The court, on page 677, stated:
******
“ * * * when one charged with a felony is presented for arraignment, the judge should inquire as to whether he has a lawyer to represent him. If he has none, but wants one, and inquiry reveals that he is unable to employ one, he should be informed of his right to state-appointed counsel, then, and at his trial. With such advice, the accused can make an intelligent election. * *
******
“ * * * Unless the right to counsel is intelligently waived at the arraignment or by subsequent action of the accused, a conviction grounded upon a guilty plea without the aid of counsel would be constitutionally defective.”
******
See also Ratcliff v. State, Fla.App.1964, 168 So.2d 181.
The procedure was not followed in the instant case. The minutes of the clerk do not reflect that the defendant was ever advised that, if indigent, he had a right to state appointed counsel.
We do not believe any specific words of art are necessary, but the record must indicate that the defendant knows he has a right, if indigent, to be represented by counsel at no cost to himself before he can intelligently waive counsel on a felony charge.
The decision of the court below is reversed and the cause remanded with instructions to grant the appellant a full evi-dentiary hearing as to whether or not there was an intelligent waiver of his right to counsel in this matter.
Reversed.