PER CURIAM.
The appellant, defendant below, seeks review of the summary denial of his petition for relief under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. The defendant was charged by information with breaking and entering a building with intent to commit a misdemeanor, to-wit: petit larceny. He entered a plea of guilty to this charge and was placed on one year probation. This will be referred to hereafter as the first case.
Several months thereafter the defendant was charged by information with entering without breaking and petit larceny. He entered a plea of guilty to these charges.
Shortly thereafter the trial court revoked the defendant’s probation in the first case and sentenced him to three years in prison. At the same time, in the second case, the court imposed a three-year sentence to run consecutively to that imposed in the first.
On September 26, 1963, the defendant filed a petition for relief pursuant to Criminal Procedure Rule 1, alleging, inter alia, that he was not represented by counsel at either of his trials. This petition was summarily denied by the trial court, an appeal was taken, and denied.
The defendant thereafter filed a second petition for relief pursuant to Criminal Procedure Rule 1, alleging the same grounds as his prior petition, except that it contained the additional allegations that he was not represented by counsel at the preliminary hearing; that he had' not1 waived his right to counsel; and that he was not presented with an indictment or bill of information.
The trial court summarily denied that petition on the grounds that the defendant had previously filed a petition for relief and that the files and records conclusively show that the defendant was not entitled to relief. An appeal from this ruling is before us for consideration.
The defendant has abandoned his argument on all questions, except whether the due process clause of the Fourteenth Amendment to the United States Constitution requires that the State appoint counsel to represent an insolvent defendant at a preliminary hearing, unless the defendant intelligently waives his right to counsel.
An examination of the record indicates that the petitioner was, at the time of his arraignment in the first case, advised of his right as an indigent to have the court appoint an attorney for him. He thereafter intelligently waived his right to-counsel. See Sardinia v. State, Fla. 1964, 168 So.2d 674; Simmons v. State, Fla.App. 1965, 175 So.2d 215.
In the second case the defendant was represented by the Public Defender’s, office at the arraignment and pled not guilty. At the time of trial, he changed his. plea to guilty while still represented by the Public Defender.
The trial court was therefore correct ini its denial of the petition, and its decision is-
Affirmed.