PEARSON, Judge
(concurring specially).
While I concur in the foregoing opinion, I think it should he pointed out that the State had presented a prima facie case when it proved the prior conviction by competent evidence. See Shargaa v. State, Fla.1958, 102 So.2d 809. At this point, there was a rebuttable presumption that the prior judgment was regular and that the record spoke ■the truth. Ratcliff v. State, Fla.App.1964, 168 So.2d 181. The defendant had the bur■den of rebutting this presumption. King v. State, Fla.App.1963, 157 So.2d 440, 444. The defendant, having undertaken this task •of going forward with the evidence, made .a prima facie showing that he was not represented by counsel, he was financially unable to employ counsel, and he did not competently and intelligently waive his right to counsel. The defendant carried his burden, and the State was required to show that the petitioner was in fact counseled by an attorney or that he did in fact intelligently waive such right with full realization of the consequences before entering his plea of guilty. Ratcliff v. State, supra.
I am convinced that an attack upon the prior conviction may be made in this proceeding. This conclusion is based upon the requirements of due process of law set forth by the Supreme Court in Oyler v. Boles, 368 U.S. 448, 453, 82 S.Ct. 501, 7 L.Ed.2d 446, 451. The issue in the Oyler case was whether or not a defendant should have advance notice of the State’s intention to charge him under the habitual criminal statute. The defendants contended that they would have raised certain defenses if they had been given notice of the recidivist charges. The Court did not consider the availability of the defenses because the defenses had not been raised in the lower court; however, the opinion for the majority of the Court states: “It is, of course, true that identity is not the only issue presented in a recidivist proceeding, for, as pointed out by Mr. Justice Hughes * * * when this Court first reviewed West Virginia’s habitual criminal law, this statute contemplates valid convictions which have not been subsequently nullified. * * * Indeed, we may assume that any infirmities in the prior convictions open to collateral attack could have been reached in the recidivist proceedings, either because the state law so permits or due process so requires.”