PER CURIAM.
Pursuant to petition of Richard Walls, we issued a writ of habeas corpus and required a return. In order to determine various factual aspects of the problem, by our opinion filed March 1, 1967, 195 So.2d 853, we appointed Honorable I. C. Spoto as a Commissioner to receive evidence and submit his findings and recommendations.
In due course, Judge Spoto has executed his commission and has submitted his findings as follows:
“1. The petitioner, Richard Walls, was an indigent at the time of his trial in the Hillsborough County Criminal Court of Record in December, 1961;
2. The petitioner, Richard Walls, was not represented by counsel at this trial;
3. The petitioner, Richard Walls, was not offered counsel, nor was he advised of his right to counsel and he did not knowingly and intelligently waive his right to the assistance of counsel at the time he entered his plea of guilty at this trial nor at any other stage of said trial.
In view of the above findings, it is the opinion of this Commissioner that the trial in the Hillsborough County Criminal Court in December, 1961, at which time the petitioner, Richard Walls, entered a plea of guilty to breaking and entering and petit larceny, does not meet the requirements of due process as set out in the following cases: Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; Carnley v. Cochran, 369 U.S. [506] 508, 82 S.Ct. 884, 8 L.Ed.2d 70; Rice v. Olson, 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1367; Alford v. Wainwright, [Fla.] 156 So.2d 1, Mason v. State of Florida, [Fla.] 176 So.2d 76.”
He concludes with a recommendation that the judgment of conviction and sentence entered by the Hillsborough County Criminal Court of Record on December 22, 1961, be vacated.
The findings of the Commissioner and his recommendation are hereby approved, and the sentence and judgment of conviction of the petitioner entered by the Hillsbor-ough County Criminal Court on December 22, 1961, shall be and it is hereby vacated and set aside.
The record of this petitioner is complicated by several other sentences, some of which appear to have been concurrent with, and some consecutive to that which is set aside herein. The Division of Corrections is hereby directed to analyze administratively the several sentences which have been imposed upon this petitioner. Having done this, the respondent shall thereupon immediately report to the Court the status of the petitioner’s confinement as reflected by such sentences in the light of the vacating of the sentence of December 22, 1961, as above described.
In the meantime, the petitioner shall remain in custody subject to a determination of his status as above directed.
It is so ordered.
THORNAL, C. J., and THOMAS, ROBERTS, O’CONNELL and ERVIN, JJ., ' concur.