PER CURIAM.
Defendant, Guss Hamilton, appeals a summary denial of his motion to vacate judgment and sentence pursuant to Criminal Procedure Rule One (now 1.850, Rules of Criminal Procedure, 33 F.S.A.). We reverse.
Defendant’s motion alleges that he was not advised of his constitutional right to be represented by counsel. The trial court grounded its summary denial on the absence of any allegation of indigency citing King v. State, Fla.App.1963, 157 So.2d 440.
In so holding the trial court misapprehended the breadth of the King decision. There the court said,
“In a right-to-counsel case, the burden rests upon the defendant in his collateral attack upon the judgment to rebut this presumption by first alleging and then proving by a preponderance of the evidence (1) that he was not represented by counsel; (2) that he was financially unable to employ counsel; and (3) that he did not competently and intelligently waive his right to counsel.” King v. State, supra at p. 444.
*27 The rule set out in King is undoubtedly correct where a defendant bottoms his collateral attack on the failure of the court to appoint counsel or to inform him of his right to have counsel appointed or on the ineffectiveness of court-appointed counsel. These rights are obviously related to the insolvency of the defendant.
But here defendant was not indigent at the time of trial and the record so shows. His complaint is not that of an indigent not provided counsel but of a solvent defendant claiming not to have been informed of his right to retain private counsel. As the King case itself points out, “where an accused appears in court without a lawyer, the court should advise him of his constitutional right to the assistance of counsel and determine whether or not he is able to employ a lawyer to represent him.” King v. State, supra, at p. 443; Miranda v. State of Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694; Mason v. State, Fla.1965, 176 So.2d 76. The record before the trial court in this case reveals that defendant appeared without counsel but is silent concerning whether or not he was ever informed of his right to retain counsel.
Obviously, to require that any defendant seeking post-conviction relief upon a right-to-counsel basis must first allege indigency would effectively deny the non-indigent the procedural rights granted the indigent by Criminal Procedure Rule One (now 1.850, Rules of Criminal Procedure). Equal protection of the law means equal rights for the rich as well as the poor.
Inasmuch as the motion and records do not conclusively show that defendant is entitled to no relief, the cause is reversed and remanded with directions for further proceedings in compliance with Rule 1.850, Rules of Criminal Procedure.
Reversed and remanded.
WALDEN, C. J., and McCAIN and REED, JJ., concur.