MANN, Judge.
Youngblood’s postconviction petition alleges that his guilty plea was entered solely upon the understanding that the charge would be placed on the absentee docket and dropped if Youngblood were not “found guilty of any other charges for a period of not less than two years, and, as shown by the records, the defendant was not found guilty of any crime until 26 days after the specified time imposed.” The second crime referred to had been committed prior to the expiration of two years. He also alleges that he was not advised of the consequences of his plea and is entitled to have the sentence and adjudication vacated on authority of Wade v. Wainwright, 5th Cir. 1969, 420 F.2d 898.
No evidentiary hearing was held. Youngblood’s trial counsel furnished an affidavit that he was present at sentencing and that the trial judge did not in any particular limit the time during which adjudication of guilt was held in abeyance. No mention is made of Youngblood’s claim of ignorance of the consequences of his plea.
So what we have is Youngblood’s affidavit and his attorney’s affidavit and the *868 trial judge’s denial of a plainly required evidentiary hearing on the strength of a countervailing affidavit. This is impermissible. See Sampson v. State, Fla.App.2d 1963, 158 So.2d 771.
Reversed and remanded for evidentiary ’ hearing.
PIERCE, C. J., and HOBSON, J., concur.