PER CURIAM.
Defendant appeals his conviction of robbery and sentence of thirty-five years at hard labor and contends that the lower court erred when it did not sufficiently inquire into whether defendant knowingly and intelligently waived his right to counsel. The record reflects that counsel was appointed for the defendant but the defendant subsequently discharged him and proceeded to conduct his own defense.
We have carefully reviewed the record on appeal and we are of the opinion that under the circumstances of this case the scope of the trial court’s inquiry was not of such a nature as to clearly reflect that defendant knowingly and intelligently waived his right to counsel. King v. State, 157 So. 2d 440 (Fla.App.1963); Donald v. State, *409 166 So.2d 453 (Fla.App.1964); Richards v. State, 214 So.2d 31 (Fla.App.1968).[1]
The judgment is reversed and the cause remanded to the trial court with directions to afford the appellant a new trial.
REED, C. J., MAGER, J., and CARLTON, CHARLES T., Associate Judge, concur.

. As the court observed in Donald v. State, 166 So.2d 453 (Fla.App.1964) at 457: “The court did not explain to the accused the difficulties involved in presenting an effective defense and the consequences of proceeding without the benefit of counsel.” Compare with Richards v. State, 214 So.2d 31 (Fla.App.1968), where defendant “was told by the trial judge that he was not equipped to represent himself but he elected to do so anyway.” See also State v. Cappetta, 216 So. 2d 749 (Fla.1969).