HENDRY, Chief Judge.
Appellant, defendant below, was charged by information with uttering a forged instrument, forgery, grand larceny, and buying, receiving or concealing stolen property. A plea of guilty to uttering a forged instrument was entered at arraignment and the state abandoned the remaining charges. The trial court withheld adjudication and placed appellant on probation for a period of two (2) years, whereupon, this appeal has been taken.
In seeking reversal, appellant has raised two points on appeal, only one of which we need discuss, to wit: whether the trial court erred in accepting a guilty plea from appellant when the record reflects that appellant had not been properly advised of his right to counsel prior to the acceptance of said *212 plea. After carefully reviewing the record, briefs and argument of counsel, it is our opinion that the trial court did so err, requiring reversal.
Fla.R.Crim.P. 3.111(d)(2) provides that: “A defendant shall not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry into accused’s comprehension of that offer and his capacity to make that choice intelligently and understandingly has been made.”
In that appellant was not properly informed of the availability of a court appointed attorney upon a showing of indigency, no knowing and intelligent waiver of his sixth amendment right to counsel was made. Mason v. State, 176 So.2d 76 (Fla.1965); Simmons v. State, 175 So.2d 215 (Fla. 3d DCA 1965); French v. State, 161 So.2d 879 (Fla. 1st DCA 1964).
Accordingly, the judgment of the trial court must be reversed and remanded for further proceedings.
Reversed and remanded.