504 So.2d 795 (1987)
Juan CINTRON, Appellant,
v.
STATE of Florida, Appellee.
No. 87-574.
District Court of Appeal of Florida, Second District.
April 1, 1987.
*796 PER CURIAM.
Juan Cintron appeals from the summary denial of a motion for postconviction relief.
In Cintron v. State, 495 So.2d 248 (Fla. 2d DCA 1986), this court considered the sufficiency of Cintron's motion in its entirety and found possible merit in only one of the several points raised. Cintron alleged that his trial counsel was ineffective for failing to move to suppress his murder confession, which had been made without his having been apprised of his right to have an attorney present.
Following our remand the circuit court again denied Cintron's motion, attaching a document which appears to be a Spanish-language rights waiver. We find this attachment insufficient to refute conclusively the allegation of ineffective assistance of counsel. Although it bears the signature "Juan Cintron," the word "homicidia," and a handwritten notation (in English) that the waiver was "read to him and explained," it is neither identified as being connected with the instant case nor certified as an exhibit from the court files.
Florida Rule of Criminal Procedure 3.850 states that a trial court may summarily deny a motion for postconviction relief if "the files and records of the case conclusively show that the prisoner is entitled to no relief." The phrase "files and records," as employed in the rule, has been interpreted as excluding matters dehors the official court record. See, e.g., Youngblood v. State, 261 So.2d 867 (Fla. 2d DCA 1972); Williams v. State, 163 So.2d 767 (Fla. 2d DCA 1964). In Sampson v. State, 158 So.2d 771 (Fla. 2d DCA 1963), the trial court attached to its order certain items apparently submitted ex parte in response to the motion but which were never made a part of the court record prior to the ruling on the motion. This procedure was found by this court to have created, at best, an issue of fact requiring an evidentiary hearing. Such procedure, this court stated, had the effect of "permit[ting] a hearing without all of the attendant requisites of such hearing." Sampson, 158 So.2d at 773.
Upon remand the trial court may again deny the motion if the document in question can be properly identified and placed in the context of this case, if other record attachments can be located which support denial of the motion, or if other good cause is shown. Otherwise, the court should set Cintron's motion for a hearing on the issue of ineffective counsel. Either party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days in order to obtain further appellate review.
Reversed and remanded for further proceedings consistent herewith.
SCHOONOVER, A.C.J., and LEHAN and SANDERLIN, JJ., concur.