## WILLIAMS v STATE OF FLORIDA

Case No. 88-716 CF (88-173 MT)

Nineteenth Judicial Circuit, Martin County

August 9, 1989

### APPEARANCES OF COUNSEL

**Joseph Negron,** for appellant.

**Lou Stern,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

DWIGHT L. GEIGER, Chief Judge.

This is an appeal from the County Court of Martin County. The trial judge there denied appellant's motion to withdraw a plea of no contest, and appellant appeals the denial of that motion.

On March 12, 1988 appellant was arrested on charges of disorderly

intoxication and resisting an officer without violence. He pled not guilty without representation of counsel at arraignment.

In a separate and unrelated incident on February 17, 1988, appellant was arrested on charges of driving under the influence, refusal to sign a citation, and disorderly conduct. In that case he also pleaded not guilty without representation of counsel at arraignment.

On May 11, 1988 the charges that arose on March 12, 1988 were called for trial. Appellant informed the trial judge he was not prepared for trial due to unavailability of witnesses and asked for a continuance. The continuance motion was denied, and appellant stated he would proceed with a jury trial. (The charges that arose on February 17, 1988 were to be tried on May 17, 1988.)

After a brief recess, the State announced that appellant would be entering a change of plea to the charges as follows: appellant would plead no contest to the charge of driving under the influence in the case which arose February 17, 1988, and in which appellant did have witnesses available for the May 17, 1988 trial date. In return for the change of plea, the State would nolle prosequi the remaining charges which arose on February 17 and March 12.

The trial judge held a change of plea hearing and informed appellant only, "Obviously the folks are ready to go to trial and you have the right to have a jury trial, to determine your issues. In fact that is what I thought we were going to be doing this morning. In any event if you are going to plead as you have indicated there will be a number of things that you give up by giving up your right to a jury trial and you have considered the alternatives, if you have, and this is the one that you want to select." The trial judge then accepted the no contest plea.

On June 3, 1988, appellant moved to withdraw the plea of no contest on the grounds that the plea was not made knowingly, voluntarily, and intelligently. The motion was denied, and the instant appeal has followed.

The only issue on appeal is whether the trial court abused its discretion in denying appellant's motion to withdraw his no contest plea. Because Section (i) of Rule 3.172, Florida Rules of Criminal Procedure, which dictates standards for acceptance of guilty and nolo contendere of no contest pleas states, "The failure to follow any of the procedures in this Rule shall not render a plea void absent a showing of prejudice," abuse of discretion cannot be presumed merely because of an abbreviated plea colloquy. The significant challenge to the trial judge's denial of appellant's motion to withdraw his no contest plea is that the record does not show that before accepting the no contest

plea, the trial judge advised appellant of his right to counsel. Further, the record does not show an oral or written waiver of counsel as required by Rule 3.160(e), Florida Rules of Criminal Procedure. These omissions do show actual prejudice unless the trial court did not intend to imprison appellant upon his conviction. (See *Argersinger v Hamlin,* 407 U.S. 25; 32 L.Ed.2d 530; 92 S.Ct. 2006 (1972), which requires a waiver of counsel before an unrepresented defendant can be imprisoned but which also obviates the need to obtain a waiver of counsel for persons charged with misdemeanors or violations of municipal ordinances if the judge does not intend to imprison the defendant if he or she is convicted. Florida Rule 3.111(b) codified the *Argersinger,* fule as it applies to indigent defendants.) If the trial judge here cannot state he does not intend to imprison appellant upon conviction then a granting of the motion to set aside the no contest plea is required. (See also *Love v State of Florida,* 270 So.2d 408 (Fla. App. 1972).)

For the above reason the cause is remanded to the County Court of Martin County for further proceedings not inconsistent herewith.

DONE AND ORDERED this 9th day of August, 1989, in chambers.